Kimberly Diane HUDGENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-83-00875-CR.

Court of Appeals of Texas, Dallas.

July 16, 1984.

Rehearing Denied Aug. 28, 1984.

Kevin J. Clancy, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Donald Davis, Asst. Dist. Atty., for appellee.

Before CARVER, GUILLOT and STEWART, JJ.

GUILLOT, Justice.

Appellant's motion for rehearing is granted. Our former opinion is withdrawn, and the following is now our opinion.

This is an appeal from a conviction of possession of marihuana for which appellant was assessed a ten year probated sentence. For the reason below, we reverse and remand to the trial court.

In *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983) (en banc), the Court of Criminal Appeals held that the amendment to TEX.REV.CIV.STAT.ANN. art. 4476–15 in 1981 through H.B. 730 [1] was unconstitutional. In light of the holding in *Crisp*, we must reverse the conviction because it is for a second degree felony, possession of an amount of marijuana of 50 pounds or less but more than 5 pounds, which did not become a second degree felony offense until the 1981 amendment was enacted.[2]

However, under *Crisp*, 661 S.W.2d at 948, the prior law remains in full force and effect. The indictment in the instant case alleges possession of an amount of marihuana of 50 pounds or less but more than 5 pounds. Under the prior law, TEX.REV. CIV.STAT.ANN. art. 4476–15, § 4.05(b)(1) (Vernon 1976), the greatest offense was a third degree felony, possession of an amount of marihuana of more than four ounces. Since this indictment does allege possession of an amount that was an offense under the prior law, we remand to the trial court for a new trial under the prior law.

We address appellant's only ground of error that the trial court erred in denying her motion to suppress the arrest warrant for Parker and evidence seized pursuant to such warrant to explain why we are remanding the case rather than acquitting appellant. If we were to sustain appellant's ground, then the evidence seized pursuant to the warrant would not be admissi-

---

1. Act of Sept. 1, 1981, ch. 268, § 8, 1981 Tex. Gen.Laws 702, 696–708, *amended by* Act of Aug. 29, 1983, ch. 425, 1983 Tex.Gen.Laws; now enacted at Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.051 (Vernon Supp.1984).

2. We note that, since the offense occurred before the 1983 amendment to Article 4476–15, we do not address whether the conviction would have been valid if for the same offense occurring after the 1983 amendment. TEX.REV.CIV.

STAT.ANN. art. 4476–15, § 4.051(b)(4) (Vernon Supp.1984). In 1983, the legislature passed a bill reenacting the statutory provision which created the second degree felony offense. Act of Aug. 29, 1983, ch. 425, § 14, 1983 Tex.Gen. Laws 2388, 2361–2418. The caption to the 1983 bill was more detailed than the caption to the 1981 bill which prompted the court in *Crisp* to declare that amendment unconstitutional.

ble, and, without the evidence so seized, the remaining evidence would be insufficient to support the conviction. Appellant does not have standing to challenge whether there was probable cause to issue the arrest warrant since she was not the suspect named in that warrant. *See United States v. Hunt,* 505 F.2d 931 (5th Cir.1974), *cert. denied,* 421 U.S. 975, 95 S.Ct. 1974, 44 L.Ed.2d 466 (1975). Thus, the evidence seized pursuant to the warrant was admissible. We find the evidence sufficient.

Reversed and remanded.