Kimberly Diane **HUDGENS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 927–84.

Court of Criminal Appeals of Texas, En Banc.

May 14, 1986.

Kevin J. Clancy, Dallas, for appellant.

Henry Wade, Dist. Atty. and Donald G. Davis, Asst. Dist. Atty., Dallas, Robert

---

Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.

Appellant was charged by indictment with the possession of marihuana in the amount of fifty pounds or less but more than five pounds. A hearing was held on appellant's motion to suppress and the motion was overruled. Appellant thereupon pled not guilty to the trial court. Based on stipulated evidence the court found appellant guilty. Noting that the conviction was for a second degree felony, the court assessed punishment at ten years confinement, probated. Subsequently this Court held unconstitutional the amendment to the Controlled Substances Act under which appellant was sentenced. *Ex parte Crisp,* 661 S.W.2d 944, 956 (Tex.Cr.App.1983). Under the prior law this offense is a felony of the third degree, punishable by confinement for two to ten years. The Dallas Court of Appeals therefore remanded appellant's cause for a new trial. *Hudgens v. State,* 675 S.W.2d 588 (Tex.App.—Dallas 1984). We granted the State's petition to review this action.[1]

The State contends that the proper action in this case where the trial court assessed punishment is to remand for resentencing rather than for new trial. We agree. The fact that the trial court sentenced appellant under an invalid law that provided a higher range of punishment would have no effect on the court's finding of guilt. The only issue remaining is the proper punishment.[2]

The State does not argue that the judgment and sentence should be affirmed, though the ten year sentence is within the range of punishment for a third degree felony. However, it is the maximum punishment for such an offense, whereas the trial court assessed a punishment in the middle range of the two to twenty years the trial court must have considered when assessing punishment for what it then considered a second degree felony. *In Ex parte Gibauitch,* 688 S.W.2d 868 (Tex.Cr.App.1985) this Court remanded for reassessment of punishment in a similar situation, where the trial court had assessed a punishment that was within the proper range under both the (invalid) amendment and the prior law. We reasoned that even though the trial court was aware of the potential unconstitutionality of the law under which it sentenced the defendant, the higher penalty range still in effect "exerted on the court's discretion a distinct pressure toward a higher punishment; that is, toward the maximum provided by the pre-amendment act." We will follow that reasoning.

The judgment of the court of appeals is reformed to show that the cause is remanded to the trial court for reassessment of punishment only. As reformed the judgment is affirmed.

---

1. Appellant contends her petition for discretionary review was also granted, to consider the correctness of the court of appeals' holding that appellant had no standing to challenge the arrest warrant which led to the discovery of the evidence that supports her conviction. Contrary to this contention, we can find nothing in the record to show that such a petition was ever filed in this Court. We therefore have no occasion to review this holding of the court of appeals.

2. Appellant contends that her cause should be remanded for new trial on the theory that her plea of guilty was involuntary and unknowing because the trial court failed to admonish her on the proper range of punishment under Article 26.13, V.A.C.C.P. The obvious flaw in this argument is that appellant did not plead guilty. She pled not guilty in a bench trial. In such a case the trial court is not required to give the 26.13 admonishments. We will assume that appellant is again mistaken as to the record, see n. 1 *ante,* rather than that she is making the untenable argument that her plea of *not guilty* was involuntary.