Ex parte Robert Edward **BROYLES.**

No. **70669.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1988.

Sharon Kutzschbach, Huntsville, for appellant.

John B. Holmes, Jr., Dist. Atty., and Bill Adkins Camp, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

Applicant is before this Court on a post-conviction application for writ of habeas corpus. Article 11.07, V.A.C.C.P. The record reflects that applicant was charged in a two-count indictment with aggravated robbery and aggravated kidnapping, and after entering a plea of nolo contendere, he was convicted and sentenced to forty years in the Texas Department of Corrections.* The convictions were affirmed by the First Court of Appeals in an unreported opinion on March 14, 1985. This application followed.

Applicant asserts that the trial court erred in finding him guilty of both aggravated robbery and aggravated kidnapping because both offenses were alleged in a single indictment and arose from the same criminal transaction. *Ex Parte Siller*, 686 S.W.2d 617 (Tex.Cr.App.1985). We remanded this case for an evidentiary hearing in order for the trial court to make findings of fact as to whether the two convictions arose from the same criminal transaction.

After holding a hearing, the trial court found that applicant was charged in a two count indictment with aggravated robbery and aggravated kidnapping. The complainant in each count was the same person, and both offenses occurred during the same criminal transaction. The court found that,

under *Ex Parte Siller*, supra, he was without authority to enter a conviction on the second count after first finding applicant guilty on the first one. Therefore, the trial court recommended that we grant this writ in order to vacate and set aside applicant's conviction for aggravated kidnapping. We agree, and will grant the relief requested.

It has been settled law for many years in this state that an indictment may contain more than one count charging the same offense; however, the indictment may not charge more than one offense. *Drake v. State*, 686 S.W.2d 935 (Tex.Cr. App.1985). The State may not obtain multiple convictions on two or more counts in a single indictment alleging non-property offenses arising out of the same criminal transaction. *Ex Parte Siller*, supra, at 620. In such a situation, the trial court is without legal authority to enter judgment and impose sentence for more than one offense. *Drake v. State*, supra, at 944.

Subsequently, in *Fortune v. State*, 745 S.W.2d 364 (Tex.Cr.App.1988), we held that when more than one offense is alleged in the same indictment, such misjoinder constitutes fundamental error, *whether or not* the offenses arose out of the same or different transactions. *Id.*, at 370.

Here, applicant's convictions for aggravated robbery and aggravated kidnapping arose from the same criminal transaction. We hold this error to be fundamental, and thus, the trial court was without authority to enter a judgment and impose sentence for both convictions. *Ex Parte Siller*, supra. Even if these offenses had arisen from different criminal transactions, applicant would still be entitled to have his conviction for aggravated kidnapping set aside under *Fortune v. State*, supra.

Accordingly, applicant is entitled to relief. Count I alleged aggravated robbery, and the trial court in his Findings of Fact and Conclusions of Law, indicates that the court first found applicant guilty of

---

* Applicant was also charged pursuant to four other indictments with aggravated rape (two separate indictments), aggravated sexual abuse and aggravated assault. He pleaded nolo con-

tendere, was convicted, and received ten years for aggravated assault and forty years for each of the remaining causes.

that offense. However, the judgment and sentence only indicates a single term of forty years imprisonment for both convictions was imposed. Here, the trial court may not have assessed punishment at confinement for forty years had applicant been convicted only of aggravated robbery. See *Uribe v. State,* 688 S.W.2d 534 (Tex.Cr. App.1985). We cannot say that the additional conviction for aggravated kidnapping did not "exert[ ] on the court's discretion a distinct pressure toward a higher punishment" in the single term of imprisonment imposed. See *Hudgens v. State,* 709 S.W. 2d 648 (Tex.Cr.App.1986) and *Ex Parte Gi-*

*bauitch,* 688 S.W.2d 868 (Tex.Cr.App.1985). Therefore, the judgment in Cause No. 373097 of the 208th Judicial District Court, Harris County, is vacated and set aside, and the cause is remanded to that court for a new hearing to reassess punishment for the offense of aggravated robbery alone.

It is so ordered.