**Ex parte Ronald Eugene MILLS, Applicant.**

**No. 71037.**

Court of Criminal Appeals of Texas, En Banc.

June 27, 1990.

Rehearing Denied Sept. 19, 1990.

Curtis C. Mason, Huntsville, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ernest Davila, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for State.

## OPINION

BERCHELMANN, Judge.

This is a post-conviction application for writ of habeas corpus. Tex.Code Crim. Proc.Ann. art 11.07. Applicant was convicted by a jury of two counts of theft by receiving. After finding two enhancement allegations "true," the jury assessed punishment on each count at sixty-five years in the Texas Department of Corrections.[1]

On direct appeal the Court of Appeals found insufficient evidence to support one of the convictions; accordingly, the Court reversed and ordered an acquittal of one of appellant's theft by receiving convictions in an unpublished opinion. *Mills v. State*, Nos. C14–86–00048–CR, A14–86–00055–CR, 1988 WL 56852 (Tex.App.—Houston [14th Dist.] June 2, 1988).

Applicant now submits that he is entitled to a new hearing on punishment because "there is no way of knowing if the finder of fact would have assessed the same punishment had Applicant been found guilty of only one of the counts." Applicant cites *Ex parte Broyles*, 759 S.W.2d 674 (Tex. Crim.App.1988) and *United States v. Olivares*, 786 F.2d 659 (5th Cir.1986), to support his proposition. The State failed to

1. Now the Texas Department of Criminal Jus- tice, Institutional Division.

respond to the merits of applicant's allegation.

In *Ex parte Broyles*, 759 S.W.2d 674, the defendant was improperly found guilty of both aggravated robbery and aggravated kidnapping because both offenses were misjoined in a single indictment. After reversing the aggravated kidnapping charge, this Court further found that the single sentence imposed for both offenses must be set aside, because "[we] cannot say that the additional conviction for aggravated kidnapping did not 'exert on the court's discretion a distinct pressure toward a higher punishment' in the single term of imprisonment." *Broyles*, 759 S.W.2d at 676, *citing and quoting Hudgens v. State*, 709 S.W.2d 648 (Tex.Crim.App.1986) and *Ex parte Gibauitch*, 688 S.W.2d 868 (Tex. Crim.App.1985).

In *Olivares*, 786 F.2d 659, the defendant and his confederates were charged with four counts of conspiracy. On appeal, the Fifth Circuit Court of Appeals held that the evidence was only sufficient to support a finding of one conspiracy; therefore, the Court concluded that the convictions violated the double jeopardy prohibition against multiple prosecutions for one offense. To remedy the constitutional error, the Court of Appeals stated:

> The proper remedy for violations of the double jeopardy clause by charging multiple conspiracies when only one exists is to vacate the sentences on all the conspiracy counts and remand with instructions that all but one of the counts are to be reversed and dismissed. The government may elect which of the counts are to be dismissed. The conviction on the remaining count is to be affirmed and all defendants are then to be resentenced on the remaining conspiracy conviction.

*Olivares*, 786 F.2d at 664.

Of course, neither *Broyles*, 759 S.W.2d 674 nor *Olivares*, 786 F.2d 659, are squarely on point with applicant's case. In the case at bar, applicant was found guilty on two separate counts in one indictment. He was sentenced separately on each count. In *Broyles*, 759 S.W.2d 674, the defendant was found guilty on two improperly joined

offenses and was given a single sentence pursuant to both offenses. When the second count was reversed, there was no way to determine whether the second conviction affected the single sentence imposed for both offenses. With applicant's case, however, the record reflects separate punishment imposed for each count.

The fact scenario in *Olivares*, 786 F.2d 659, is likewise distinguishable from the case at bar. The federal sentencing scheme therein was altered by the improper multiple convictions. See *United States v. Colunga*, 786 F.2d 655, 657–58 (5th Cir. 1986), a case arising out of the same facts as *Olivares*, 786 F.2d 659.

 We are therefore confronted with the following question: Where a jury finds a defendant guilty on both counts of a two count indictment and separately assesses punishment for each count, and where there is insufficient evidence to support a finding of guilty on one of the counts, does the spillover effect of the improper conviction require a new punishment hearing on the surviving conviction? Put another way, we must determine whether *Broyles*, 759 S.W.2d 674, should be extended to cover the fact scenario in the case at bar. We believe that both questions should be answered in the negative.

As mentioned previously, *Broyles*, 759 S.W.2d 674, involved a case wherein a single sentence was imposed for two convictions; therefore, when one of the convictions required reversal it was impossible to conclude that the second conviction did not contribute to the amount of time the fact finder assessed. This is the same concern articulated in the cases cited in *Broyles*, 759 S.W.2d 674, *Hudgens*, 709 S.W.2d 648, and *Gibauitch*, 688 S.W.2d 868. These cases involve sentences imposed pursuant to an unconstitutional amendment to the Controlled Substances Act, which provided for a higher range of punishment than under the prior law. In those cases, where sentences imposed actually fell within the range of the old law, this court was unable to conclude that the sentencer's consideration of the higher limit (impermissibly authorized by the unconstitutional amend-

 

ment to the act) did not contribute to the final sentence imposed. *Hudgens,* 709 S.W.2d 648; *Gibauitch,* 688 S.W.2d 868. See also *Uribe v. State,* 688 S.W.2d 534 (Tex.Crim.App.1985).

These concerns simply are not present in the case at bar. Applicant received separate sentences on each count charging theft by receiving. Applicant fails to establish that the jury's consideration of the second count of the indictment, and its ultimate verdict and sentence on the count, contributed to the separate sentence imposed on the first count of the indictment.

Moreover, we do not believe that the facts of the case otherwise reflect that the jury's verdict of guilty on the second count of the indictment affected the punishment assessed on the first count. As noted by the Court of Appeals' opinion, applicant was indicted for unlawfully appropriating a stolen car and a stolen trailer. The evidence established that applicant drove the stolen car to his place of business where, the State demonstrated to establish applicant's intent, two other stolen cars were located. The stolen trailer was located outside his business. The jury assessed sixty-five years for each offense after finding "true" two prior felony convictions for purposes of enhancement. The Court of Appeals concluded that the evidence was insufficient to establish applicant's possession of the trailer, but also concluded that the evidence was sufficient to establish possession of the stolen car.

Applicant has failed to demonstrate that the jury's finding of guilty on the second count of the indictment affected the separate sentence imposed on the first count. Cf. *Broyles,* 759 S.W.2d 674; *Hudgens,* 709 S.W.2d 648.

The relief prayed for is denied.

CAMPBELL, J., concurs in the result.

TEAGUE, J., dissents.