**Ex parte Jared Ellison CRAVENS.**

No. 71121.

Court of Criminal Appeals of Texas,
En Banc.

March 13, 1991.

Allen C. Isbell, Houston, for applicant.

John B. Holmes, Jr., Dist. Atty. & Ernest Davila, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.Code Crim.Proc.Ann. art. 11.07.

Applicant was convicted by a jury of two counts of rape of a child pursuant to former Tex.Penal Code Ann. § 21.09.[1] The court assessed punishment for each offense at twelve years confinement. The conviction was affirmed on direct appeal[2].

Applicant contends he was unlawfully convicted of more than one non-property offense in a single indictment.[3] Under the law in effect at the time the offenses were committed, it was fundamental error for the State to obtain convictions for non-property offenses alleged in two or more counts of a single indictment. *Ex parte Broyles*, 759 S.W.2d 674 (Tex.Cr.App.1988); *Ex parte Siller*, 686 S.W.2d 617 (Tex.Cr.App.1985). The State concedes that it was improper to obtain multiple convictions for non-property offenses alleged in a single indictment and recommends relief. We agree with the State. Applicant is entitled to relief.

The issue presented is what type of relief is proper under these circumstances. Applicant argues the proper relief is to dismiss the conviction in count two, reform the judgment to reflect a single conviction for the offense alleged in count one, and remand the cause to the trial court for reassessment of punishment for count one.

1. Repealed by Acts 1983, 68th Leg., p. 5321, ch. 977, § 12, effective September 1, 1983.

2. *Cravens v. State*, 663 S.W.2d 668 (Tex.App.—Houston [1st] 1983, pet. granted). After consideration of applicant's petition for discretionary review, this Court held it was error to admit certain evidence for impeachment purposes and remanded the case for the Court of Appeals to conduct a harm analysis. *Cravens v. State*, 687 S.W.2d 748 (Tex.Cr.App.1985). On remand, the Court of Appeals held that the error in the admission of the evidence was harmless. *Cravens v. State*, No. 01–83–0098–CR (Tex.App.—Houston [1st], delivered November 14, 1985, pet. dism'd).

3. The indictment included count one for rape of a child committed January 19, 1980, and count two for rape of a child committed February 16, 1980. These offenses occurred prior to the amendment to Tex.Penal Code Ann. § 3.01, effective September 1, 1987.

The State contends that since there is no evidence that the court was influenced by the existence of multiple offenses at the punishment phase, this Court should dismiss the second conviction and uphold the conviction and sentence under count one. Again, we agree with the State.

This Court recently addressed the same issue in *Ex parte Mills*, 795 S.W.2d 203 (Tex.Cr.App.1990), where a jury convicted the defendant of two counts of theft and then assessed punishment on each count at confinement for 65 years. The Court of Appeals reversed and ordered an acquittal of one of the convictions for insufficient evidence. *Mills v. State*, Nos. C14–86–00048–CR, A14–86–00055–CR, 1988 WL 56852 (Tex.App.—Houston [14th], delivered June 2, 1988). Subsequently, the defendant filed a writ of habeas corpus requesting a new hearing on punishment, claiming there was no way of knowing whether the jury would have assessed the same punishment had the defendant been found guilty on only one of the counts. *Mills*, 795 S.W.2d at 203. This Court denied relief for two reasons. First, the defendant received separate sentences on each count. Second, the defendant failed to establish that the jury's consideration of the second count, and their ultimate verdict and sentence on that count, contributed to the sentence imposed on count one. *Id.*, at 205.

In the instant cause, applicant was found guilty on two separate counts in one indictment and received separate sentences from the trial court on each count. Applicant failed to establish that the court's consideration of the second count of the indictment contributed to the sentence imposed for count one. The trial court's assessment of punishment at 12 years confinement for each count is within the prescribed punishment for second degree felonies. Tex.Penal Code Ann. § 12.33. Therefore, the specific relief prayed for by applicant is denied.

The judgment and sentence imposed under count two in Cause No. 310,651 in the 178th Judicial District Court of Harris County is vacated. The judgment, as reformed, shall reflect only a conviction for the offense alleged in count one of the indictment and the sentence of twelve years for that conviction shall remain. The Clerk of this Court shall forward a certified copy of this opinion to the Texas Department of Criminal Justice, Institutional Division. The relief applicant seeks is granted in part and denied in part.

IT IS SO ORDERED.