Jeffery Arnold Thrift v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00201-CR

     JEFFERY ARNOLD THRIFT,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2000-844-C
                                                                                                                

OPINION DENYING REHEARING
                                                                                                                

      We affirmed Jeffery Thrift’s conviction for sexual assault and reversed the conviction for
indecency with a child due to the admission of improper evidence. Thrift and the State have
filed motions for rehearing.
      Citing U.S. v. Pelullo, 14 F.3d 881, 897-900 (3rd Cir. 1994), Thrift says that the
“spillover effect” of the improperly admitted evidence tainted both convictions, not just the
indecency conviction. 
      The State says that we erred in holding that the evidence should have been excluded under
Rule 403.
      In Pelullo, the jury had convicted the defendant of forty-nine counts of wire fraud. The
Third Circuit reversed all forty-nine counts because the trial court had improperly admitted
evidence of a prior conviction on one of them. Id. The court noted that generally invalidation
of the conviction on one count will not lead to automatic reversal on other counts. Id. at 897. 
It noted, however, the possibility of a “spillover effect” from the tainted count that could be
sufficiently prejudicial to call for reversal of all counts. Id. at 897-98. The factors it
considered are: (1) whether the charges are intertwined with each other; (2) whether the
evidence for each count was sufficiently distinct to support the verdict on other separate
counts; (3) whether substantially all the evidence introduced to support the invalid conviction
would have been admissible to prove other counts, and whether the elimination of the invalid
count would have significantly changed the strategy of the trial; and (4) whether the charges,
the language used by the prosecution, and the evidence introduced at trial are of the sort that
would arouse a jury. Id. at 898-99.
      We have found but a single Texas case that discussed the “spillover effect.” Ex parte
Mills, 795 S.W.2d 203, 204 (Tex. Crim. App. 1990). In Mills, a habeas corpus proceeding,
the Court of Criminal Appeals asked whether Mills, who had been convicted on two counts of
“theft by receiving” and assessed 65 years on each count, was entitled to a new trial on the
offense upheld on appeal while the other was reversed and an acquittal ordered for legally
insufficient evidence. Id. Mills argued, "there is no way of knowing if the finder of fact
would have assessed the same punishment had Applicant been found guilty of only one of the
counts." Id. at 203. The Court asked, “does the spillover effect of the improper conviction
require a new punishment hearing on the surviving conviction?” Id. at 204. Finding that
Mills had not demonstrated that the jury’s consideration of the invalid count had contributed to
the sentence on the valid count, the Court denied relief. Id. at 205.
      In assessing harm under Rule 44.2(b), we are mindful that “it is the duty of the reviewing
court to assess harm from the context of the error,” not the duty of the parties to show harm or
lack thereof. Johnson v. State, 43 S.W.3d 1, 4 (Tex. Crim. App. 2001). We accept the
proposition that a “spillover effect” could occur and taint another count when evidence was
improperly admitted on one count.
      Thrift was charged in two counts with sexual assault of J.B. and indecency with a child,
namely J.B. The events occurred in a short time-frame at a single location. The counts were
tried together and the main witnesses who testified about the acts were J.B., Thrift, and M.B.,
who testified about the indecency charge. The potential for harm on both counts flowing from
the improperly admitted evidence is sufficient to merit an inquiry under the factors outlined
above.
      Were the charges intertwined with each other? Yes, the two acts occurred at the same
location within a short period of time. Was the evidence for each count sufficiently distinct to
support the verdict on the other counts? Yes, although closely related in time, the victim
testified about two distinct acts that constituted the separate offenses. Would substantially all
the evidence introduced to support the invalid conviction have been admissible to prove other
counts, and would the elimination of the invalid count have significantly changed the strategy
of the trial? Yes, substantially all the evidence would have been admissible on the sexual
assault count; no, the strategy of the trial would not have changed significantly. And finally,
were the charges, the language used by the prosecution, and the evidence introduced at trial of
the sort that would arouse a jury? Yes, but the nature of the sexual assault itself was sufficient
to arouse the jury.
      As we noted in our original opinion, the court charged the jury that it could only consider
the evidence we found to be improperly admitted as evidence of intent on the indecency count,
“and for no other purpose.”
      Considering all of the foregoing, we conclude that there was no spillover effect that would
require reversal of the conviction for sexual assault. Thrift’s motion for rehearing is denied.
      Believing that our original determination of the issue involving the photographs is correct,
we overrule the State’s motion for rehearing.
 
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting and concurring)
Rehearings denied
Opinion delivered and filed May 12, 2004
Publish