PD-1454-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/6/2015 1:12:59 PM
Accepted 11/9/2015 4:16:29 PM
ABEL ACOSTA
CLERK

CAUSE NUMBER _____

---

**IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS**

---

**RAYMOND EARL BARNETT
PETITIONER**

**v.**

**THE STATE OF TEXAS**

---

**PETITION FOR DISCRETIONARY REVIEW**

IN TRIAL COURT CAUSE NUMBER: 20922

FROM THE 336TH JUDICIAL DISTRICT COURT OF

FANNIN COUNTY, TEXAS

AND FROM THE

THE COURT OF APPEALS FOR THE SIXTH

COURT OF APPEALS IN TEXARAKANA, TEXAS

CASE NUMBER:  06-14-00149-CR

**STEVEN R. MIEARS**

State Bar of Texas No.: 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

FILED IN
COURT OF CRIMINAL APPEALS

November 9, 2015

ABEL ACOSTA, CLERK

ORAL ARGUMENT IS REQUESTED

## Identity of Parties and Counsel

Under Rule 68.4(a), Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgment and their counsel in the trial court, and appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the cases and so the Clerk of the Court may properly notify the parties to the trial court's final judgment or their counsel of the judgment and all orders of the Court of Criminal Appeals.

**Trial Judge:   THE HONORABLE JUDGE LAURINE BLAKE, 336TH JUDICIAL DISTRICT COURT**

**Appellant  ....................................  RAYMOND EARL BARNETT**

TDC, Polunsky Unit
Inmate number 1332873
3872 FM 350 South,
Livingston, Texas 77351

**Steven R. Miears (Counsel on Appeal)**
SBOT# 14025600
211 North Main
POB 736
Bonham, Texas 75418
903 640 4963 fax: 903 640 4964
SteveMiears@msn.com

Mr. Joe Moss (Counsel at Trial)
SBOT # 14587400
518 N Main St
Bonham, TX 75418-3718

**THE STATE OF TEXAS**                    **Richard E. Glaser**
SBOT# 08000000
Criminal District Attorney
101 East Sam Rayburn Drive
Bonham, Texas 75418

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES AND COUNSEL................................................2

TABLE OF CONTENTS ..................................................... ...... 4

INDEX OF AUTHORITIES................................................... 5

STATEMENT REGARDING ORAL ARGUMENT.................................................6

STATEMENT OF THE CASE..................................................6

STATEMENT OF PROCEDURAL HISTORY.............................................7

GROUNDS FOR REVIEW STATED:

1. The Court of Appeals errs in holding that Petitioner waived his right to appeal the trial court's denial of his motion for a new trial on sentencing on the remaining charge of indecency with a child. p.8.

2. At what stage of the post-trial proceedings should claims of a prejudicial spillover effect onto an affirmed charge from charges reversed on appeal, and then dismissed by the State, be cognizable? p. 8; 13.

ARGUMENT

GROUND ONE.................................................................8

GROUND TWO.................................................................13

PRAYER FOR RELIEF.................................................17

APPENDIX (Copies of Opinion from Court of Appeals)

CERTIFICATE OF SERVICE.................................................18

CERTIFICATE OF WORD COUNT.................................................19

# INDEX OF AUTHORITIES

**Rules**

Tex. R. App. P. Rule 66.3 (b). p. 12

Tex. R. App. P. Rule 66.3(f). p.  12

Tex. Penal Code § 3.04 (West 2011). pp. 10, 12.

**Cases**

Barnett v. State, No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana 2007, pet. ref'd.). pp.6; 9.

Ex parte Marascio, 2015 Tex. Crim. App. LEXIS 1052 (Tex. Crim. App. Oct. 7, 2015). p.15.

Ex parte Mills, 795 S.W.2d 203, 203 (Tex. Crim. App. 1990). p.15

In Re: Raymond Earl Barnett, 06-14-00132-CR (2014). pp. 7;9.

Thrift v. State, 176 S.W.3d 221, 223 (Tex. Crim. App. 2005). pp. 13; 14.

United States v. Cross, 308 F.3d 308 (3d Cir. 2002). p.12.

United States v. Pelullo, 14 F.3d 881 (3d Cir. 1994). p.13.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

## STATEMENT OF THE CASE

Petitioner was convicted by a jury of two counts of sexual assault of a child, and one case of indecency with a child. His range of potential punishment was enhanced by two prior felonies, and the jury sentenced him to seventy-five years in prison on each count. The trial court ordered the sentences to run concurrently. He met with some success on direct appeal. The Court of Appeals reversed two of his three convictions for factual insufficiency. Review for factual insufficiency was viable in those days. After this court denied his PDR the Petitioner's case was remanded back to the trial court with the mandate he be given a new trial on the sexual assault charges. *See* Barnett v. State, No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana 2007, pet. ref'd.). For several years the trial court ignored the mandate. During that interim this Court abandoned review for factual sufficiency. Petitioner ultimately filed a writ of mandamus with the Court of Appeals demanding that it order the trial court take action to retry him on the sexual assault charges. Before the writ was considered by the Court of Appeals the State pre-emptively moved for the trial court to dismiss the two sexual assault cases. The trial court then dismissed those cases and entered a nunc pro tunc

judgment reflecting the single conviction for indecency with a child, and a seventy-five year sentence. The writ of mandamus was dismissed as being moot. <u>In Re: Raymond Earl Barnett,</u> 06-14-00132-CR (2014).

Petitioner then filed a pro-se motion with the trial court for a new trial on punishment on the indecency case which had been affirmed. CR p. 122. The Petitioner's motion was denied. From the denial of this motion for a new trial on punishment he appealed. The Court of Appeals held that he had waived his right to appeal that issue by not raising it in his original direct appeal. He disagrees with this holding and asks this Court to grant review.

## STATEMENT OF PROCEDURAL HISTORY

The procedural history relevant to this PDR is:

1. The date that the original opinion from this appeal to the Sixth Court of Appeals was handed down was July 24, 2015. Petitioner timely moved for rehearing on August 3, 2015.

2. A supplemental opinion was handed down in reply to the Petitioner's motion for rehearing was handed down on October 15, 2015. The date that the Court of Appeals Opinion became final was October 15, 2015.

3. Petitioner filed a motion with the Court of Appeals to designate their opinion as "published" instead of being non-published memorandum opinion. The Court overruled that motion on October 27, 2015.

4. This Petition is timely if filed by November 15, 2015.

## GROUNDS FOR REVIEW

1. The Court of Appeals errs in holding that Petitioner waived his right to appeal the trial court's denial of his motion for a new trial on sentencing on the remaining charge of indecency with a child.

2. At what stage of the post-trial proceedings should claims of a prejudicial spillover effect onto an affirmed charge from charges reversed on appeal, and then dismissed by the State, be cognizable?

## SUMMARY OF PETITION

The Court of Appeals erred in holding that the Petitioner waived his right to appeal his claim of a spillover effect on his sentence for indecency with a child. The claim was not even cognizable until the State strategically dismissed those charges after they were remanded for a new trial. The correct time to seek a new punishment hearing because of a spillover effect is when the claim first arises. Here that occurred when the State dismissed the sexual assault charges.

ARGUMENTS

GROUND NUMBER 1

The Court of Appeals errs in holding that Petitioner waived his right to appeal the trial court's denial of his motion for a new trial on sentencing on the remaining charge of indecency with a child.

The procedural history is set forth by the Court of Appeals. Barnett v. State of Texas, No. 06-14-00149-CR (Tex. App. - Texarkana 2015) pp. 2 – 4. In summary, the Petitioner was convicted by a jury of two counts of sexual assault of a child, and one count of indecency with a child. He was sentenced to seventy-five years on each count by the jury. The sentences were ordered to run concurrently. On original direct appeal, the Court of Appeals reversed the two convictions for sexual assault for factual insufficiency[1] and remanded those cases back to the trial court for a new trial. The indecency conviction was affirmed. *Barnett v. State,* No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana 2007, pet. ref'd.). The remand order for a new trial on the sexual assault charges was ignored for several years.

Petitioner ultimately filed a writ of mandamus with the Court of Appeals seeking enforcement of the remand order. In Re: Raymond Earl Barnett, 06-14-00132-CR. In reply to the writ, the State of Texas dismissed the two sexual assault

---

[1] During the delay this Court abandoned review for factual insufficiency.

cases. The appellate court then dismissed the writ as moot. <u>In Re: Raymond Earl Barnett,</u> 06-14-00132-CR. The trial court then entered a judgment nunc pro tunc, attempting to reflect the current status of the case; that is, the Petitioner was only convicted of indecency with a child. (CR Vol. 1, pp. 114 – 115.)

In response to the State's dismissal of the sexual assault charges, and the entry of the new judgment, the Petitioner filed a motion with the trial court for a new trial on punishment on the remaining indecency charge. CR Vol. 1. p. 122 – 123; pp. 127. No relief from the trial court came. Petitioner gave notice of appeal. CR Vol 1. p. 127.

On appeal, the Petitioner raised the issue that the trial court erred in not granting him a new sentencing hearing on the indecency charge.[2] His argument was that the jury's sentence of seventy-five years had been illegally affected by the spillover of the two sexual assault cases. The Court of Appeals held that he had waived the right to appeal that issue by not timely raising it in his direct appeal from the original convictions. <u>Barnett,</u> *id.,* p. 2; In this holding, the Court errs.

The Court of Appeals says that Petitioner waived the unlawful spillover affect by: (a) not complaining at his original trial of the joinder of all cases, <u>Barnett,</u> *id.,* p. 13; or, (b) not raising it in his original direct appeal of all convictions,

---

[2] The Court of Appeals agreed with Petitioner that the entry of the nunc pro tunc judgment by the trial court was error, and vacated that judgment. This leaves the original incorrect judgment showing convictions for two counts of sexual assault and indecency with a child in place. Of course this is wrong since two of those charges were dismissed. The Court of Appeals apparently holds that neither it nor the trial court has jurisdiction to enter a judgment which correctly recites Petitioner's actual conviction. *See* <u>Barnett</u>, No. 06-14-00149-CR, pp 8- 11.

Barnett, *id.,* pp. 4-5; Neither of these reasons have any support in law, logic, or reason.

The State was entitled to join all of these charges of child sexual abuse together. TEX. PENAL CODE ANN. § 3.04 (West 2011). The Petitioner was not entitled to a severance unless, as the Court of Appeals points out, he can show he would be would be "unfairly prejudiced by a joinder of offenses." Barnett, *id.* p. 13. TEX. PENAL CODE ANN. § 3.04(c). The Court of Appeals reasons that the Petitioner should have foreseen that it would hold on appeal that the evidence would not convict him of the two charges of sexual assault. This is ludicrous. Next, the Court of Appeals reasons that the Petitioner "could have argued during his original appeal that if we found the evidence insufficient to support any of the charges, then the remaining charges should have been reversed as well under the spillover doctrine." This proposition is equally comical.

To avoid waiving the valuable right of appeal the Court of Appeals would hold Petitioner to the standards of Nostradamus. Pre-cognition requirements aside, the claims of the illegal spillover effect were never cognizable on the original direct appeal because they did not exist. They only came into existence when the State dismissed the two sexual assault charges. Appellant's first opportunity to appeal the claim that his right to a fairly imposed punishment on the indecency case only became viable once the State belatedly dismissed the sexual assault cases. Those

charges were dismissed only when a writ of mandamus was filed to compel the trial court to follow the appellate Court's mandate issued years before. Logically, and legally, Petitioner could not have even raised these issues in his direct appeal. For these same reasons the Petitioner could not have pursued relief by way of a writ of habeas corpus to this Court regarding the spillover issue.

In finding he waived his right to appeal, the Court of Appeals errs. In this error, the Court "has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision." Tex. R. App. P. Rule 66.3 (f).

Petitioner would show that the Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. Tex. R. App. P. Rule 66.3 (b). A spillover effect will arise most commonly in the context of offenses joined for trial like indecency and sexual assault of a child. This is due to the practical inability to sever these charges during trial under section 3.04 (b) of the Penal Code. The opinion of the Court of Appeals suggests that in every case joined under Texas Penal Code section 3.03(b) counsel for an accused should anticipate the potential of a reversal of one of the charges on appeal, and move for a severance under Penal Code section 3.04(c). Presumably,

failure to do this gives rise to yet another area to claim ineffective assistance of trial or appellate counsel. See *United States v. Cross,* 308 F.3d 308 (3d Cir. 2002).

Petitioner asks this Court to hold he was denied a fair trial on his punishment, and to remand this case to the trial court for a new punishment hearing on the indecency charge. Petitioner requests this Court hold he did not waive his right to appeal, and remand the case to the Court of Appeals for it to consider whether he was denied a fair punishment hearing.

GROUND NUMBER 2 (Question Presented)

At what stage of the post-trial proceedings should claims of a prejudicial spillover effect onto an affirmed charge from charges reversed on appeal, and then dismissed by the State, be cognizable?

In United States v. Pelullo, the Court noted that although the invalidation of the conviction on one count will not generally lead to reversal on other counts, there is a possibility of a spillover effect from the tainted count that could be sufficiently prejudicial to require reversal of all counts. United States v. Pelullo, 14 F.3d 881 (3d Cir. 1994). In Thrift v. State, 176 S.W.3d 221, 223 (Tex. Crim. App. 2005), this Court, citing Pelullo, acknowledged that an unfair spillover effect on charges remaining after appellate reversal of a joined prosecution can occur.

In <u>Thrift,</u> the Defendant was tried for sexual assault of a child and indecency with a child. The State offered several pornographic photographs as being relevant to the indecency charge. The trial court admitted the photographs, but instructed the jury to consider them as evidence only on the indecency case. The Court of Appeals held that the pornographic photographs should not have been admitted into evidence, found harm, and reversed the conviction for indecency. The sexual assault conviction was affirmed. This Court granted a review of Thrift's claim that the harm from the pornography had a spillover effect on the conviction in the sexual assault case. <u>Thrift</u> *id.* at 221. After granting a review, this Court concluded that no unfair spillover effect had occurred because an instruction limiting the jury's consideration of the evidence to the indecency charge had been given. <u>Thrift</u> *id.* at 221.

<u>Thrift</u> dealt with whether inadmissible evidence resulting in a reversal of one charge could cause a spillover effect on a remaining conviction affirmed. The issue was held to have been raised in the original direct appeal. The Court of Criminal Appeals wrote:

> The appellant's brief on original submission was ambiguous as to whether he was claiming error only in the conviction for indecency with a child or in both convictions. This ambiguity caused one justice on the court of appeals and the State to argue that the appellant waived his right to further review. Out of an abundance of caution and because the appellant's brief on original submission arguably encompassed the issue, the court of appeals considered the

> merit of the appellant's claim of a spillover effect from the evidence that may have influenced the jury's deliberation on the count of sexual assault of a child. Just as the court of appeals addressed this issue despite the ambiguity of the appellant's claim, we also will consider the merits of this case in order to clarify the ruling of the court of appeals. Thrift v. State, 176 S.W.3d 221, 223 (Tex. Crim. App. 2005)

Perhaps the Court of Appeals reads, without citing, Thrift as supporting its holding that the Petitioner waived his Pelullo claim by not raising it in the original direct appeal. If so, this would be in error because on its facts Thrift concerned tainted evidence, not a subsequent strategic dismissal of charges by the State.

A case more like Petitioner's case is Ex parte Mills, 795 S.W.2d 203, 203 (Tex. Crim. App. 1990). In Mills, the defendant was tried on two counts of theft, found guilty on both, and sentenced to 65 years. One of the counts was reversed on appeal for insufficient evidence. The defendant contended that he deserved a new trial on punishment on the remaining charge because of an unfair spillover effect on his sentence from the jury's consideration of the reversed theft case. After granting a review, this Court found that no unfair spillover effect had occurred in the sentencing.

In 1990, the applicant in Mills brought his claim of an unfair spillover effect through the vehicle of a post-conviction writ of habeas corpus. This Court had no concerns at that time about whether his claim was cognizable by

way of a habeas writ. It is not so clear today. *See* e.g., <u>Ex parte Marascio</u>, 2015 Tex. Crim. App. LEXIS 1052 (Tex. Crim. App. Oct. 7, 2015). It is unclear when someone in Petitioner's position must, or can, bring his claim of an illegal spillover effect, and request a new hearing on punishment.

Petitioner's view is that a spillover effect claim can, and should, be brought at the first time it becomes cognizable. In his case this first occurred when the State dismissed the sexual assault charges. He filed a motion with the trial court for a new sentencing trial on the indecency charge. When that was denied he appealed to the Sixth Court of Appeals. That Court held that he had waived, presumably forever, any right to bring that claim by not foreseeing that the appeals court would hold the evidence insufficient, and, that years later the State might ultimately dismiss those charges.

Bringing the claim at the time, and how Petitioner has is good policy for several reasons:

1. It gives the trial court who heard the trial evidence the first shot at considering the merits of the claim, and make findings of fact;

2. It allows for the potential of developing a record at an evidentiary hearing at the trial court on the motion for a new punishment trial;

3. It allows the same Court of Appeals that originally reviewed the trial record to re-examine the issue because of the State's dismissal of the remanded charges;

4. The defendant and alleged victim need not wait until the defendant's direct appeals are exhausted for the issue to be reviewed by a writ of habeas corpus with this court.

5. Finally, for someone in Petitioner's position who has already pursued a writ regarding his case prior to the spillover claim arising, it would not subject him to a claim of filing a successive writ.

In conclusion, by choosing a strategy of dismissing the remanded sexual assault charges the State garnered an unfair advantage violating his rights to due process of law. The State secured a sentence of seventy-five years based upon harmful evidence that should not have been heard by the jury. The Petitioner's claim he would not have received the seventy-five year sentence had the jury not also considered the evidence of two cases of sexual assault of a child is one with merit. He raised it at the first available opportunity. He did not waive his right to appeal that issue. He has done everything he can to preserve it. He is entitled to have it reviewed on appeal.

## PRAYER FOR RELIEF

Petitioner prays this Court reverse the Court of Appeals holding he waived his right to appeal. The case should be remanded to the Court of Appeals for it to consider his claim that the trial court erred in not granting him a new punishment hearing.

## **APPENDIX**

A copy of the opinion of the Court of Appeals is attached.

RESPECTFULLY SUMITTED,

_____

**Steven R. Miears**
211 North Main
Bonham, Texas 75418
stevemiears@msn.co
m Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Appellant

## **Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing petition for discretionary review was delivered by electronic filing to Richard

E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on November 6, 2015; and to the State Prosecuting Attorney, LISA C. McMINN, P.O. Box 13046, Capitol Station, Austin, Texas 78711 by electronic filing, and that a copy was mailed to the Petitioner Raymond Earl Barnett.

_____

Steven R. Miears

## CERTIFICATE OF WORD COUNT

Counsel for the Appellant certifies that the word count of this brief is less than 3,585 words and within the limitations for length of PETITIONS FOR DISCRETIONARY REVIEW.

_____

Steven R. Miears



# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00149-CR

_____


RAYMOND EARL BARNETT, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. 20922



Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Raymond Earl Barnett appeals from the trial court's entry of a judgment nunc pro tunc. Barnett presents four points of error: 1) that the trial court erred by not granting him a complete new trial on count two of the indictment, charging indecency with a child by sexual contact; 2) that the trial court erred by not granting him a new sentencing hearing on count two of the indictment; 3) that the trial court erred in entering a judgment nunc pro tunc; and 4) that the trial court erred by entering a judgment nunc pro tunc in a felony case without Barnett being present. We find that Barnett failed to timely appeal his first and second points of error and, therefore, overrule those points of error. We find that Barnett's fourth point of error is legally flawed and overrule it. Finally, we find that the trial court erred in entering the judgment nunc pro tunc, and we vacate that judgment.

### I.        Procedural History

This case has a procedural history spanning more than eight years. Barnett was convicted of two counts of sexual assault of a child and one count of indecency with a child by sexual contact on October 13, 2005. He was sentenced to serve a term of seventy-five years' incarceration in the Texas Department of Criminal Justice Correctional Institutions Division on each count with the sentences running concurrently. On October 13, 2005, the trial court entered a single judgment of conviction covering all three counts. On direct appeal of his convictions, we reversed the two sexual assault convictions, finding that the evidence was factually insufficient. *Barnett v. State*,

No. 06-05-00281-CR, 2007 Tex. App. LEXIS 2724 (Tex. App.—Texarkana 2007, pet. ref'd.).[1] Because those convictions were reversed for factual insufficiency, we remanded the two sexual assault charges to the trial court for retrial.[2]

Barnett then filed a petition for review with the Texas Court of Criminal Appeals, which was denied on September 12, 2007. On October 23, 2007, we issued our mandate to the trial court. Subsequently, Barnett filed an application for a writ of habeas corpus with the Court of Criminal Appeals, which was denied on May 21, 2008. Barnett filed a second application for a writ of habeas corpus with the Court of Criminal Appeals, which was dismissed on March 18, 2009. Barnett then filed an application for a writ of habeas corpus with the Federal district court, which was denied on October 12, 2011. *Barnett v. Director, TDCJ-CID*, 2011 U.S. Dist. LEXIS 117647 (E.D. Tex. 2011). Accordingly, Barnett's conviction and seventy-five year sentence for indecency with a child by sexual contact became final.

Between 2011 and 2014, the State took no action to retry Barnett on the two sexual assault counts. Consequently, Barnett filed an application for writ of mandamus with us requesting us to direct the trial court to immediately conduct a new trial on the two counts of sexual assault of a child. In response to Barnett's application for a writ of mandamus, the State moved to dismiss the two sexual assault counts, and on July 30, 2014, the trial court granted the State's motion. In turn,

---

[1]Factual insufficiency review has since been abolished in criminal cases. *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (holding that "legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt").

[2]When a case is reversed for factual insufficiency rather than legal insufficiency, the double jeopardy clause of the Fifth Amendment does not bar the State from retrial. *Tibbs v. Florida*, 457 U.S. 31, 42–43 n.19 (1982).

on August 12, 2014, we dismissed Barnett's application for a writ of mandamus as being moot. The trial court entered a judgment nunc pro tunc on July 29, 2014, reflecting that Barnett was convicted of the offense of indecency with a child by sexual contact, enhanced with prior convictions, and imposing a sentence of seventy-five years' incarceration with no fine, and Barnett filed this appeal.

## II. Appealability of Barnett's Points of Error

Rule 26.2 of the Texas Rules of Appellate Procedure provides that to perfect appeal in a criminal case, a defendant must file a notice of appeal,

(1) Within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or
(2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial.

TEX. R. APP. P. 26.2. An appellate court lacks jurisdiction to hear an appeal in the absence of a timely notice of appeal. *Shute v. State*, 744 S.W.2d 96, 97 (Tex. Crim. App. 1988). The clerk's record indicates that no motion for new trial was filed in this case. The record also reflects that the trial court entered its judgment on October 13, 2005, and the docket indicates that sentences were imposed by the trial court in open court on that same date. Accordingly, Barnett's window of opportunity to appeal anything related to his original convictions and sentences expired on November 12, 2005.

Of course, Barnett did timely file a notice of direct appeal from his original convictions and sentences on November 1, 2005, which was the subject of our opinion in *Barnett v. State*, No. 06-05-00281-CR, 2007 WL 1053379 (Tex. App.—Texarkana Apr. 10, 2007, pet. ref'd) (mem. op., not designated for publication). Accordingly, any substantive issues not raised in Barnett's

4

original appeal were waived. See TEX. R. APP. P. 38.1(h). Nevertheless, a judgment nunc pro tunc is appealable, and a defendant has the right to appeal from the entry of a judgment nunc pro tunc within the time limits established by Rule 26.2. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2009). In this case, the judgment nunc pro tunc was entered on July 30, 2014, and Barnett filed his notice of appeal on August 20, 2014. Accordingly, Barnett's appeal of the judgment nunc pro tunc is timely. That said, the scope of an appeal from the entry of a nunc pro tunc judgment is limited.

A judgment nunc pro tunc may be entered only "to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record," and "[c]orrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning." *Id*. at 898. Consequently, the appeal of a judgment nunc pro tunc is limited to issues related to the clerical errors addressed therein; it does not provide the appellant an opportunity to raise issues relating to the original conviction and sentence. Barnett's first and second points of error do not address issues regarding entry of the judgment nunc pro tunc, but concern issues stemming from the original conviction and sentence. Accordingly, we overrule Barnett's first and second points of error.

## III.    Barnett's Challenge to the Judgment Nunc Pro Tunc

Barnett's third point of error challenges the entry of the judgment nunc pro tunc itself. Barnett asserts that the judgment nunc pro tunc "was not proper because it did not simply correct clerical errors, but instead entered a new judgment and sentence based upon changed circumstances." As noted above, judgments nunc pro tunc are entered to correct clerical errors,

5

not errors resulting from judicial reasoning.  *Id.* at 904; *see also Ex parte Dropps*, 723 S.W.2d 669, 671 (Tex. Crim. App. 1986).  "The purpose of a *nunc pro tunc* order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time."  *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980).  "The trial court cannot, through a judgment nunc pro tunc, change a court's records to reflect what it believes should have been done."  *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007).  "Thus, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time."  *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim. App. 1984).

The trial court's nunc pro tunc judgment did not correct any clerical error in the court's original judgment.  It is true that the nunc pro tunc judgment reflects a conviction on count two, which was also recited in the original judgment.  However, the judgment nunc pro tunc's omission of convictions on counts one and three does not reflect the judgment "actually rendered or pronounced at an earlier time."  *Id*. at 521.  The court's original judgment "perfectly matches the judgment pronounced in open court," which was conviction on all three counts and concurrent seventy-five year sentences for each conviction.  The judgment nunc pro tunc in this case seeks to memorialize events that occurred subsequent to rendering and entry of the original judgment.  Accordingly, a judgment nunc pro tunc was not the proper procedure to update the status of Barnett's case after dismissal of the two counts alleging sexual assault of a child.[3]  We sustain Barnett's third point of error.

---

[3]Article 42.09, § 8(j) of the Texas Code of Criminal Procedure states:

**IV. Barnett Has Failed to Show How he Was Harmed by Entry of the Judgment Nunc Pro Tunc in his Absence**

In his fourth point of error, Barnett claims that the judgment nunc pro tunc should be set aside because the trial judge entered that judgment without Barnett being present. Yet, we have vacated the judgment nunc pro tunc by this opinion. Moreover, while we do not hold that Barnett's presence was required when the judgment nunc pro tunc was entered, Barnett has failed to demonstrate how he was harmed by entry of the judgment in his absence. *See McGinnis v. State*, 664 S.W.2d 769, 771 (Tex. App.—Amarillo 1983, no pet.) (defendant unable to show harm by trial court's entry of judgment nunc pro tunc outside his presence). Accordingly, we overrule Barnett's fourth point of error.

**V. Conclusion**

For these reasons, we overrule Barnett's first, second, and fourth points of error. We sustain his third point of error and vacate the judgment nunc pro tunc.

Ralph K. Burgess
Justice

Date Submitted:     May 15, 2015
Date Decided:      July 24, 2015

Do Not Publish

---

If after a county transfers a defendant or inmate to the Texas Department of Criminal Justice, the charges on which the defendant or inmate was convicted and for which the defendant or inmate was transferred are dismissed, the county shall immediately notify an officer designated by the department of the dismissal.

TEX. CODE CRIM. PROC. ANN. art. 42.09, § 8(j) (West Supp. 2014).

7

DENIAL OF MOTION FOR REHEARING

Barnett filed his Motion for Rehearing raising three issues. Pursuant to Rule 49.3 of the Texas Rules of Appellate Procedure, we deny the Motion for Rehearing and dispose of the case without rebriefing or oral argument. We write briefly to address two of the issues Barnett raises in his motion.

In his first point of error in his Motion for Rehearing, Barnett alleges that we failed to follow Rule 43.2 of the Texas Rules of Appellate Procedure, which states, "The court of appeals may . . . (e) vacate the trial court's judgment and dismiss the case." *See* TEX. R. APP. P. 43.2(e). Although he does not identify which case he wishes dismissed, he presumably asserts that because we vacated the judgment nunc pro tunc, we are therefore required by Rule 43.2(e) to dismiss his surviving 2005 conviction of indecency with a child and the corresponding seventy-five-year sentence, thereby releasing him from prison. Yet, for the reasons discussed below, on appeal of a judgment nunc pro tunc, there is no "case to be dismissed" for purposes of Rule 43.2(e). Therefore, we properly vacated the judgment nunc pro tunc.

To understand why a judgment nunc pro tunc presents no case to be dismissed, one must begin with a discussion of jurisdiction.

> A trial court's jurisdiction over a criminal case consists of "the power of the court over the 'subject matter' of the case, conveyed by statute or constitutional provision, coupled with 'personal' jurisdiction over the accused, which is invoked in felony prosecutions by the filing of [an] indictment or information if indictment is waived."

*State v. Dunbar*, 297 S.W.3d 777, 780 (Tex. Crim. App. 2009) (quoting *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981)). Jurisdiction is "the right to adjudicate the subject matter

8

in a given case." *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. 1980). Such power derives from "the Constitution or laws enacted thereunder." *Id*. Once jurisdiction attaches to the district court in a criminal matter, it "conveys upon that court the power to determine all essential questions 'and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law.'" *Id*. at 527–28 (quoting *Cleveland v. Ward*, 285 S.W. 1063, 1069 (Tex. 1926)).

A trial court retains "plenary jurisdiction over a case for at least the first thirty days after sentencing because it has the authority to receive a motion for new trial (or a motion in arrest of judgment) within that time period and to resolve the merits of that motion within 75 days after sentencing." *McClinton v. State*, 121 S.W.3d 768, 769 n.1 (Tex. Crim. App. 2003) (Cochran, J., concurring). "Consequently, beyond that thirty-day period, 'a source of jurisdiction must be found to authorize the trial court's orders.'" *Dunbar*, 297 S.W.3d at 780 (quoting *State v. Patrick*, 86 S.W.3d 592, 595 (Tex. Crim. App. 2002)). If no such source of jurisdiction is found, then the judgment becomes final, and the trial court's "jurisdiction is thereby exhausted." *Garcia*, 596 S.W.2d at 528.

Nevertheless, a judgment nunc pro tunc can be issued after the trial court's plenary jurisdiction has expired to correct clerical errors. *See Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986) ("After the trial court loses its jurisdiction over a judgment, it can correct only clerical errors in the judgment by judgment nunc pro tunc."). Although a judgment nunc pro tunc can be characterized as a limited exception to the finality of judgments, in reality, a nunc pro tunc judgment does not affect finality because it does not change the substance of the original final

9

judgment. Rather, a judgment nunc pro tunc "merely brings the court records into conformity with" the court's orally pronounced original, final judgment. *Daniels v. Comm'n for Lawyer Discipline*, 142 S.W.3d 565, 572 (Tex. App.—Texarkana 2004, no pet.). Accordingly, when a trial court correctly issues a judgment nunc pro tunc, it takes action in conformity with, rather than contrary to, the original, final judgment. For this reason, a trial court's entry of a judgment nunc pro tunc does not reopen the merits of the original case, nor can it, because once the judgment becomes final and the trial court loses plenary jurisdiction, it no longer has jurisdiction to do anything except correct clerical errors.

Therefore, an appeal of a judgment nunc pro tunc does not present the entire "case" for decision. Rather, an appeal of a judgment nunc pro tunc merely determines the limited issue of whether the trial court had jurisdiction to render the judgment nunc pro tunc. If a trial court has jurisdiction to issue a judgment nunc pro tunc, it may issue the judgment to correct clerical errors without considering the merits of the underlying case. Likewise, if a trial court does not have jurisdiction to enter the judgment nunc pro tunc, then it must deny the motion for entry of a judgment nunc pro tunc without considering the merits of the underlying case. Either way, a trial court considering a motion for judgment nunc pro tunc is without jurisdiction to reconsider the merits of the underlying case, and an appeal from the entry of a nunc pro tunc judgment does not confer jurisdiction on an appellate court to review the merits of the original conviction.

Barnett's judgment and conviction became final years ago, and the trial court's jurisdiction was exhausted at that point. Also, the remaining two cases were previously dismissed by the trial court. Consequently, there is no "case" before us to dismiss as that term is used in Rule 43.2(e).

10

Additionally, Barnett overlooks Rule 43.6, titled "Other Orders," which states, "The court of appeals may make any other appropriate order that the law and the nature of the case require." TEX. R. APP. P. 43.6. Also, Rule 43.3 states that when a court of appeals reverses a trial court's judgment, it "must render the judgment that the trial court should have rendered, except when: (a) remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial." TEX. R. APP. P. 43.3. In this case, there is nothing further for the trial court to decide. Additionally, "a trial court has the duty to vacate a void judgment at any time and has no discretion to refuse to do so," so the verdict we rendered is the one the trial court should have rendered. *In re Florance*, 377 S.W.3d 837, 840 (Tex. App.—Dallas 2012, orig. proceeding) (citing *Thomas v. Miller*, 906 S.W.2d 260, 262 (Tex. App.—Texarkana 1995, orig. proceeding)). Consequently, we correctly vacated the judgment nunc pro tunc.

We overrule Barnett's first point of error in his motion for rehearing.

In his second point of error, Barnett asserts that a new judgment must be issued because the original judgment is incorrect. This point was raised, and we addressed it in our original opinion above. Consequently, we deny Barnett's second point of error.

In his third point of error, Barnett asserts that we erred in holding that he waived any substantive issues arising out of the original trial when he did not appeal them at the time of his first appeal. Specifically, Barnett asserts that because his indecency charge was tried together with the two other subsequently reversed aggravated sexual assault charges, he was prejudiced by the spillover effect of those two charges. Barnett raised this issue in his original brief, and we held that it was waived because he did not raise it at the time of his original appeal. He argues here that

11

he could not have raised those arguments at the time because the arguments did not become viable until after the charges were dismissed by the trial court's order. Therefore, he reasons that he could not have waived those claims and that we erred in so holding. He claims that we should grant rehearing to allow him to appeal his spillover claim and that upon hearing that claim, we should reverse the original conviction of indecency with a child and the corresponding seventy-five-year sentence and order a new trial on that charge free from the taint of the now dismissed charges.[4]

Barnett overlooks the fact that he could have raised his spillover argument at points prior to and during his original appeal. First, Barnett had an opportunity to request separate trials at his original trial. Section 3.04(a) of the Texas Penal Code states, "Whenever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses." TEX. PENAL CODE ANN. § 3.04(a) (West 2011). Although Section 3.04(c) states that the election permitted in subsection (a) "does not apply to a prosecution for offenses described by Section 3.03(b)" of the Penal Code, and although Section 3.03(b) applies to "an offense under [Penal Code] Section . . . 21.021 . . . committed against a victim younger than 17 years of age at the time of the commission of the offense," Section 3.04(c) goes on to state that a defendant can obtain the severance under Section 3.04(a) if "the court determines that the

---

[4]It is questionable whether this is an appropriate argument for consideration on a motion for rehearing. As the Tyler Court of Appeals noted, "[T]he sole purpose of a motion for rehearing is to provide the appellate court an opportunity to correct any errors on issues already presented." *In re M.T.*, 290 S.W.3d 908, 910 (Tex. App.—Tyler 2009, no pet.). A motion for rehearing does not afford a party an opportunity to raise new issues." *Id*. Moreover, as noted by the Ohio Court of Appeals, "An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court." *State v. Owens*, 678 N.E.2d 956, 957 (Ohio Ct. App. 1996). On the one hand, Barnett's argument could be characterized as a mere disagreement with the court's original decision. Yet, because we held that the argument was waived, because Barnett could not have known to address waiver until we issued our opinion, and because Barnett's argument here specifically deals with the question of waiver, we will address the issue.

12

defendant . . . would be unfairly prejudiced by a joinder of offenses." TEX. PENAL CODE ANN. § 3.04(c). Barnett failed to present any argument to the trial court that trial of all three offenses together would unfairly prejudice him. Second, Barnett could have argued during his original appeal that if we found the evidence insufficient to support any of the charges, then the remaining charges should have been reversed as well under the spillover doctrine.

Consequently, Barnett's spillover doctrine argument did not suddenly arise as a result of the trial court's dismissal of the reversed charges, and therefore, rehearing is not necessary to resolve that issue. As we ruled in our opinion above, Barnett waived that point by failing to timely raise it. Barnett's third point of error in his motion for rehearing is overruled.

## IV. Disposition

For the foregoing reasons, we overrule Barnett's motion for rehearing.


Ralph K. Burgess
Justice

Date Decided:         October 15, 2015

Do Not Publish

13