NO. 07-10-0374-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 23, 2011

_____


CHRISTOPHER MCGEE,

                                                    Appellant
v.

THE STATE OF TEXAS,

                                                    Appellee
_____

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 11,416; HONORABLE DAN MIKE BIRD, PRESIDING
_____

*Opinion*
_____


Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Christopher McGee seeks to overturn his conviction of aggravated sexual assault of a child by contending that 1) the trial court erred in denying his *Batson* challenge, 2) the trial court erred in overruling his motion to suppress his written statement, and 3) the evidence is legally insufficient. We affirm the judgment.

_____

[1]John T. Boyd, Senior Justice retired, sitting by assignment.

*Background*

Appellant was charged with penetrating the sexual organ of his girlfriend's five-year-old daughter with his finger. The victim did not testify, and the primary source of evidence against him came from his written admission to committing the crime and his drawing that indicated how far he inserted his finger into the child's vagina.

*Batson Challenge*

We first consider appellant's *Batson* challenge. The focus of that challenge lies upon the State's use of a peremptory challenge against an African-American venireman named Shepherd. The latter was struck, according to the prosecutor, because he was asleep during voir dire. We overrule the issue.

One levying a *Batson*[2] challenge must make a *prima facie* showing of racial discrimination. *Williams v. State,* 301 S.W.3d 675, 688 (Tex. Crim. App. 2009), *cert. denied,* __ U.S. __, 130 S.Ct. 3411, 177 L.Ed.2d 326 (2010). If that happens, the burden then shifts to the State to offer a race-neutral explanation for the strike. *Id.* Should such an explanation be proffered, then the burden shifts back to the defendant to show the explanation was really a pretext for discrimination. *Id.* And, in reviewing the trial court's decision, we must allow it to stand unless it is clearly erroneous. *Id.*

In explaining his decision to challenge the particular venireman, the prosecutor informed the trial court that, "when I called on him and asked him punishment or rehabilitation he was startled and woken up [sic] before he answered the question, so Mr. Shepherd was sleeping during my portion of the voir dire and that's why I cut him." Appellant did not dispute that or question the prosecutor.

---

[2]*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Sleeping during voir dire is a race-neutral reason for using a peremptory challenge. *Moore v. State,* 265 S.W.3d 73, 82 (Tex. App.–Houston [1st Dist.] 2008, pet. dism'd, improvidently granted); *Lamons v. State,* 938 S.W.2d 774, 778 (Tex. App.– Houston [14th Dist.] 1997, pet. ref'd); *Muhammad v. State,* 911 S.W.2d 823, 825 (Tex. App.–Texarkana 1995, no pet.). And, that the prosecutor called out Shepherd's name twice to garner the venireman's attention while all other members answered the particular question after the prosecutor called their name once lends support to the contention that Shepard may have been sleeping. *See Roberson v. State,* 866 S.W.2d 259, 261-62 (Tex. App.–Fort Worth 1993, no pet.) (stating that when the State strikes a juror on a basis that cannot be easily determined by a reviewing court, that basis must be substantiated by something other than the prosecutor's statement). Finally, we note that appellant did not dispute the contention below. Therefore, we lack basis to conclude that the trial court's rejection of the *Batson* challenge was clearly erroneous. *See Moore v. State,* 265 S.W.3d at 82 (stating that the court is in the best position to determine if the prosecutor was correct that the juror was inattentive, and noting that the defendant did not dispute the contention thereby resulting in the conclusion that the record supported it).

*Suppression of Evidence*

Next, appellant argued that the trial court should have suppressed his written, inculpatory statement and drawing because he was in custody, "was not properly warned (Mirandized)," and coerced. We overrule the issue.

As to the matter of involuntarily providing the confession and drawing, appellant merely concluded that it was the product of coercion. No substantive argument was

3

offered to support his conclusion. This omission is fatal to the point since a brief must contain a clear and concise argument for the contentions made. TEX. R. APP. P. 38.1(i). If none is provided, then the topic is inadequately briefed and, therefore, waived. *Garcia v. State,* 887 S.W.2d 862, 876 (Tex. Crim. App. 1994), *overruled on other grounds by Hammock v. State,* 46 S.W.3d 889 (Tex. Crim. App. 2001) (noting that when an issue is not supported with explanation or argument, it was inadequately briefed).

As for the contention that appellant was not "properly warned (Mirandized)" before issuing his confession, we note that the interview from which the confession and drawing arose began with appellant signing a written document containing Miranda warnings. And, though to us the warnings memorialized in the document conform to the admonishments itemized in art. 38.22 §2(a) of the Code of Criminal Procedure, appellant failed to explain how they did not. Given this, we cannot say that the trial court erred in admitting the confession and drawing because appellant was not properly Mirandized.

Moreover, even if the warnings afforded appellant were somehow deficient, the record contained sufficient factual basis upon which the trial court could have reasonably found that appellant was not in custody at the time. This is of import because Miranda warnings need not be imparted unless the suspect is in custody. *Herrera v. State,* 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). For instance, 1) appellant transported himself to the police station to undergo a polygraph examination and questioning, 2) questioning occurred in a rather large 15' by 15' room, 3) he was never told he was under arrest, 4) he was told he was free to go at any time, 5) no one threatened him, 6) no one restrained him, 7) those asking the questions and

4

administering the polygraph would have stopped if appellant indicated that he wanted to leave, 8) appellant was at the station for approximately 2.5 hours before confessing, 9) he had no marks on him to indicate that he underwent any kind of physical abuse, 10) he not only was asked if he wanted to take a break or use the bathroom but also was told that he did not have to be there before the examination began, 11) he left the station after the interview, and 12) nothing indicates that appellant ever attempted to leave, stop the questioning, take a break, or the like.

A person is in custody if, under the circumstances, a reasonable person would believe his freedom of movement was restrained to the degree associated with a formal arrest. *Estrada v. State,* 313 S.W.3d 274, 294 (Tex. Crim. App. 2010), *cert. denied,* __ U.S. __, 131 S.Ct. 905, 178 L.Ed.2d 760 (2011); *Dowthitt v. State,* 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). Simply because the questioning occurred at a police station, the suspect submitted to a polygraph, or the suspect failed a polygraph does not render the questioning custodial in nature. *Dowthitt v. State,* 931 S.W.2d at 255. Nor did the aforementioned litany of evidence and circumstances obligate the trial court to hold that 1) appellant was physically deprived of his freedom in any significant way, 2) someone told him he could not leave, 3) the officers created an environment that would lead a reasonable person to believe his freedom of movement was significantly restricted, or 4) there existed probable cause to arrest appellant and the officers told him he was not free to leave. Had any of those four scenarios arose then appellant would have been in custody, *id.,* but the evidence before us allowed the trial court legitimately to conclude otherwise. *See Estrada v. State,* 313 S.W.3d at 294-95 (holding that appellant's complaint on appeal that the environment was coercive did not change the fact that he

5

was not in custody when he voluntarily went to the police station, was told several times he could leave, and did leave after the interrogation).

*Legal Sufficiency*

Finally, appellant claims the evidence was both legally and factually insufficient to support the verdict. Given his confession and drawing evincing his guilt, we have no choice but to overrule the issue.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice


Publish.

6