# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00698-CR

Ryan Jesse Contreras, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277th JUDICIAL DISTRICT
NO. 04-994-K277, HONORABLE KEN ANDERSON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Ryan Jesse Contreras was indicted for the offense of aggravated assault, pleaded guilty pursuant to a plea bargain, and received a sentence of seven years' deferred adjudication probation in 2005. *See* Tex. Penal Code §§ 22.01, 22.02. On March 1, 2010, the State filed a motion to adjudicate alleging Contreras had violated his probation by causing bodily injury to a family member and consuming an alcoholic beverage. Prior to the adjudication hearing, Contreras's counsel and the State negotiated an agreement whereby Contreras would plead true to the alcoholic beverage allegation, the terms of his probation would be amended to add a curfew with optional electronic enforcement and forty-five additional days in jail, and the State would drop the bodily-injury allegation. At the hearing, however, the trial court refused to accept the agreement unless the terms of Contreras's probation were further modified to add alcohol relapse counseling and mandatory electronic monitoring. When the trial court stated its proposed amendments to his

probation, Contreras shook his head from side to side. Concluding his client did not want to accept these additional amendments to the terms of his probation, Contreras's counsel informed the trial court he was ready to proceed with the adjudication hearing. Contreras then pleaded "not true" to both alleged violations.

After the State presented its case, Contreras's counsel called three witnesses, including the alleged victim and Contreras—who all testified that Contreras had not consumed an alcoholic beverage on the night in question, and Contreras and the victim both testified that he did not cause her bodily injury. The trial court found Contreras violated the terms of his probation, adjudicated him guilty of his original charge, and sentenced him to eight years' imprisonment. Contreras filed a motion for new trial alleging ineffective assistance of counsel. After a hearing, the trial court denied the motion.

## A.    Ineffective Assistance of Counsel

In his first issue on appeal, Contreras contends he received ineffective assistance of counsel at the adjudication hearing. The State argues Contreras has waived this issue through inadequate briefing. We agree with the State.

Texas Rule of Appellate Procedure 38.1(i) states that an appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Rule 38 requires Contreras to provide us with a discussion of the facts and the authorities relied upon to maintain the point at issue. *See McGee v. State*, 342 S.W.3d 245, 248 (Tex. App.—Amarillo 2011, pet. ref'd). To maintain a claim of ineffective assistance of counsel, an appellant must allege—as stated in the seminal case of

2

*Strickland v. Washington*—that counsel's performance fell below an objective standard of reasonableness and that a reasonable probability exists that the results of the proceeding would have been different but for the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). In his brief, however, Contreras fails to analyze the requirements of the *Strickland* test or cite any relevant legal authority. Merely uttering brief conclusory statements, unsupported by legal citations does not satisfy the briefing requirements of Rule 38. *See Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) ("An argument that fails to cite supporting authority presents nothing for review."). While appellate courts must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention. *See* Tex. R. App. P. 38.1(i); *Rocha*, 16 S.W.3d at 20. By presenting a claim of ineffective assistance of counsel without analysis of the *Strickland* test or citations to relevant authority, Contreras has waived his complaint on appeal. *See Bessey v. State*, 199 S.W.3d 546, 555 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 809 (Tex. Crim. App. 2007) (finding appellant waived ineffective assistance of counsel claim when no effort was made in brief to show how record demonstrated prejudice under second prong of *Strickland* test); *Peake v. State*, 133 S.W.3d 332, 334 (Tex. App.—Amarillo 2004, no pet.) (overruling appellant's ineffective assistance of counsel claim due to inadequate briefing and noting that appellate court has no "duty to unilaterally fill the void appellant left" by his briefing). We overrule Contreras's first point of error.

Even if Contreras had not waived his complaint by inadequate briefing, we would overrule this point of error on the merits. First, we note that the trial court had the authority to reject the plea bargain entered into by the State and Contreras. *See* Tex. Code Crim. Proc. art. 26.13(a)(2);

3

*State ex rel. Bryan v. McDonald*, 662 S.W.2d 5, 9 (Tex. Crim. App. 1983). Second, to the extent

Contreras complains that his counsel was ineffective in not consulting with him prior to rejecting

the trial court's proposed amendments to his probation, we would conclude—in light of the

circumstances—counsel satisfied his duty to consult with Contreras. *See Strickland*, 466 U.S. at 688

(noting counsel's duty to consult with the defendant on "important decisions"); *see also Thompson*

*v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (court looks to the totality of the representation

and the particular circumstances of each case in evaluating the effectiveness of counsel). In his

affidavit, counsel avers that initially he was unable to reach an agreement with the State to which

"Mr. Contreras could agree," that Contreras only finally accepted the State's agreement "after much

deliberation," and that Contreras explained clearly "that he was unwilling to accept any additional

conditions." With regard to his decision to proceed with the adjudication hearing rather than accept

the trial court's proposed modifications, counsel avers:

> Prior to the hearing, I had spoken with Mr. Contreras extensively about his options with regard to the motion to adjudicate. Mr. Contreras had already completed extensive alcohol treatment in relation to this case. Additionally, we had a witness who was going to testify that Mr. Contreras had not consumed alcohol as the motion to adjudicate alleged.
>
> When the trial court stated that additional treatment would be a mandatory feature of any amendment of the conditions of probation, I looked at Mr. Contreras and he shook his head from side to side which I construed as "no." By shaking his head from side to side as he did, Mr. Contreras was informing me that he did not wish to accept the trial court's proposed additional condition. I therefore declined, on behalf of Mr. Contreras, additional treatment as an added condition on Mr. Contreras's behalf.

At the hearing on the motion for new trial, Contreras testified that he shook his head back and forth

because he was confused. We, however, must evaluate the reasonableness of counsel's actions

4

from counsel's perspective at the time. *Strickland*, 466 U.S. at 689. Further, the reasonableness of counsel's actions may be "substantially influenced by the defendant's own statements or actions." *Id.* From counsel's perspective, and in light of his prior conversations with Contreras, it was reasonable for counsel to infer from Contreras shaking his head back and forth that he did not wish to accept the trial court's additional conditions and consented to counsel proceeding with the adjudication hearing. Further, Contreras failed to prove that he was prejudiced by counsel's actions as he did not testify or aver that he would have accepted the trial court's additional modifications to his probation but for his attorney's actions. As such, we would conclude Contreras failed to prove ineffective assistance of counsel even if he had not waived this issue.

## B.     Fair Adjudication Hearing

In his second point of error, Contreras argues he was deprived of a fair adjudication hearing because the trial court failed to "adequately inquire into Appellant's rejection" of the trial court's proposed modifications to his probation. We, however, conclude this claim is without merit. The trial court did inquire as to whether Contreras wished to accept or reject the additional probation conditions when he asked Contreras how he wished to plead. Contreras pleaded "not true" to both allegations, confirming he wished to proceed with the adjudication proceeding and reject the trial court's modifications. Further, throughout the proceeding and during his own testimony, Contreras did not in any way indicate to the trial court that he did not wish to proceed with the adjudication hearing. As such, we cannot conclude Contreras was deprived of a fair hearing.[1]

---

[1] In this point of error, Contreras additionally argues the trial court erred by denying his motion for new trial on the grounds of ineffective assistance of counsel. We conclude Contreras waived this claim by providing inadequate briefing on his claim of ineffective assistance of counsel.

5

## C.    Plea Rendered Involuntary

In his final point of error, Contreras argues his pleas of "not true" to the allegations in the State's motion to adjudicate were rendered involuntary by "the inaction of his attorney and the trial court." However, the statutory requirements ensuring that a defendant's plea is "free and voluntary" apply only to pleas of guilty or nolo contendere. *See* Tex. Code Crim. Proc. art. 26.13; *see also Hudgens v. State*, 709 S.W.2d 648, 649 (Tex. Crim. App. 1986) ("[S]he is making the untenable argument that her plea of *not guilty* was involuntary."). This is so because there is a constitutional right to a fair trial, while there is no corresponding constitutional right to a plea bargain. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no constitutional right to plea bargain."); *Santobella v. New York*, 404 U.S. 257, 261 (1971). Therefore, even if a defendant "involuntarily" pleads not guilty, where the result is a fair trial, no constitutional right has been violated. *Cf. State ex rel. Turner v. McDonald*, 676 S.W.2d 371, 373–74 (Tex. Crim. App. 1984) (requirement that State agree to trial by judge instead of trial by jury does not violate defendant's rights because "the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him" (quoting *Singer v. United States*, 380 U.S. 24, 36 (1965)). As we have already determined Contreras received a fair hearing, no constitutional right has been violated.

Even if Contreras could challenge his plea, his complaint would fail because he has not proven his plea was involuntary. Rather, the records from both the hearing on the motion to adjudicate and the motion for new trial reflect that Contreras's pleas were made knowingly, voluntarily, and intelligently. At the adjudication hearing, Contreras acknowledged the "risk" he

6

was taking by proceeding with the adjudication hearing and that he understood the trial court could sentence him to up to twenty years' imprisonment for the aggravated assault charge. Further, at the motion for new trial hearing, Contreras admitted that he "knew what was going on" when he pleaded not true and there was "no confusion" as to his pleas. The fact that Contreras received a greater punishment than he hoped for did not render his plea involuntary. *See Edwards v. State*, 921 S.W.2d 477, 480 (Tex. App.—Houston [1st Dist.] 1996, no pet.). For these reasons, we overrule Contreras's third point of error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____

David Puryear

Before Justices Puryear, Rose, and Goodwin

Affirmed

Filed: June 19, 2013

Do Not Publish

7