**Opinion issued March 17, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

## NO. 01-14-00798-CV

———————————

## IN THE INTEREST OF A.A.M. AND J.M., children

On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2011-00219J

**&**

———————————

## NO. 01-14-00801-CV

———————————

## IN THE INTEREST OF I.L.M., a child

On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2013-04476J

**O P I N I O N**

In this consolidated parental termination case, the Department of Family and Protective Services requested termination of the father's parental rights to his three children, A.A.M., J.M., and I.L.M. The trial court granted the Department's request. On appeal, the father contends that the evidence is legally and factually insufficient to support termination of his parental rights. He further contends that the trial court erred when it considered evidence of conduct adduced in connection with the Department's earlier, unsuccessful request for termination of his rights. Finding no error, we affirm.

**Background**

In 2010, the father resided with his sons A.A.M., born in December 2006, and J.M., born in December 2008, together with his sons' mother. Child Protective Services received a report of violence in the home, and specifically that the father was using drugs and physically harming the children. In December 2010, a caseworker investigated the residence, finding inoperative kitchen appliances, little furniture, and no food. During the visit, the father became angry and told the caseworker to take the children. He admitted to smoking marijuana and tested positive for marijuana in a drug test administered the following day. Over the next three years, the father tested positive for marijuana and cocaine multiple times. He also was intermittently incarcerated prior to the children's removal.

2

In 2011, the Department petitioned to become the temporary managing conservator of A.A.M. and J.M. and sought to terminate the father's parental rights. In 2012, the trial court appointed the Department as sole managing conservator, but it did not grant the Department's termination request. In August 2012, the Department placed A.A.M. and J.M. with their current foster placement, and in January 2014, it again moved to terminate the father's and mother's parental rights.

In December 2011, the father and mother had another child, I.L.M. When I.L.M. tested positive for marijuana at birth, the Department received a referral. In 2012, in a separate proceeding, the Department petitioned to be appointed temporary managing conservator of I.L.M. In December 2012, the trial court appointed I.L.M.'s grandmother as sole managing conservator, and the mother and father as possessory conservators. In August 2013, the Department petitioned to modify the order and requested that it be appointed temporary managing conservator. It later amended to seek termination of the father's parental rights.

The trial court consolidated the cases. In September 2014, after a bench trial, the trial court terminated the parental rights of the father and mother. The father appeals the trial court's termination order.

**Discussion**

*Standard of Review*

A parent's right to the care, custody, and control of his child is a liberty interest protected under the Constitution, and we strictly scrutinize termination proceedings on appeal. *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982); *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Clear and convincing evidence must support an involuntary termination. *Holick*, 685 S.W.2d at 20 (citing *Santosky*, 455 U.S. at 747–48, 102 S. Ct. at 1391–92). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007 (West 2014).

When determining legal sufficiency in a parental-rights termination case, we review "all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume that the factfinder resolved disputed facts in favor of the judgment if a reasonable factfinder could have done so. *Id.* We disregard "evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* If a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true after conducting its legal-

4

sufficiency review, the court must conclude that the evidence is legally insufficient. *Id.*

In determining factual sufficiency, we consider the entire record, including disputed evidence, to determine "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction" about the truth of the allegation sought to be established. *Id.* (quoting *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002)). "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *J.F.C.*, 96 S.W.3d at 266.

To prevail in a termination case, the Department must establish that one or more of the acts or omissions enumerated under Texas Family Code section 161.001(1) occurred and that the termination is in the best interest of the children, pursuant to section 161.001(2). TEX. FAM. CODE ANN. § 161.001. In this case, the father challenges the trial court's findings that he endangered the children and that he failed to comply with the court-ordered family services plan. He does not challenge the trial court's finding that termination is in the best interest of the children.

*Analysis*

1. Admission of Evidence

The father first contends that the Department improperly relied on evidence introduced in prior termination proceedings, including his drug use and criminal history, because the trial court already heard and decided those allegations and denied the request to terminate the father's parental rights. Pursuant to Texas Family Code section 161.004(a), however, a court "may terminate the parent-child relationship after rendition of an order that previously denied termination" if the circumstances of the child, parent, conservator, or other party affected by the previous order have "materially and substantially changed" since the date of the order. TEX. FAM. CODE ANN. § 161.004(a). And section 161.004(b) expressly authorizes the trial court to consider evidence presented at a previous hearing in a later termination proceeding for the same child. *Id.* § 161.004(b).

The father acknowledges the provisions of section 161.004, but argues that the Department did not plead for termination based on changed circumstances, but instead requested termination under the more general governing statute found in section 161.001. Citing *In re S.M.R.* and *Vasquez v. Texas Department of Protective & Regulatory Services*, the father argues that consideration of his earlier conduct was error because he did not receive adequate notice that the Department would rely on it. *See In re S.M.R.,* 434 S.W.3d 576 (Tex. 2014), and *Vasquez,* 190

S.W.3d 189 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). In *S.M.R.*, the Texas Supreme Court approved courts of appeals decisions, holding that "termination can only be upheld on a ground that was both pleaded by the party seeking termination and found by the trier of fact." 434 S.W.3d at 581 (quoting *In re K.G.*, 350 S.W.3d 338, 345–46 (Tex. App.—Fort Worth 2011, pet. denied). Citing *In re D.N.* and *In re K.G.*, the father argues that a trial court may terminate parental rights based on evidence introduced in prior termination proceedings only if the petitioner pleads section 161.004. *See In re D.N.*, 405 S.W.3d 863, 870 (Tex. App.—Amarillo 2013, no pet.); *K.G.*, 350 S.W.3d at 352.

The Department responds that it pled the elements of section 161.004, including that the circumstances of a party affected by the previous order had materially and substantially changed; thus, the trial court's reliance on the father's entire course of conduct was proper. It further responds that the trial court specifically found that the children's circumstances had changed.

We agree with the Department. With regard to the pleadings, although, as the father observes, the Department did not expressly name the statute by its code number in its petitions, it pleaded the statutory elements for modification of an earlier order, including materially changed circumstances. Both live petitions state that the "circumstances of the children, a conservator, or other party affected by the

order have materially and substantially changed since the date of the rendition of the order," and that the "orders are in the best interest of the children."

The father observes that the Department's allegations are contained within the conservatorship section of the petitions, not the termination section. But he did not specially except to the Department's petitions. Broadly construing the petitions in the absence of a special exception, the Department's pleadings notified the father that his earlier conduct would be at issue. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Because the father did not specially except to the pleadings, he waived any complaint about the perceived lack of notice from the omission of a specific reference to section 161.004 in the pleadings. *See Att'y Gen. v. Lavan*, 833 S.W.2d 952, 954 (Tex. 1992) ("[B]ecause the record does not show that [respondent] complained of the breadth of, or any ambiguity in the State's pleadings, we hold that any failure of the petition to specifically cite the State's reliance upon [the statute] is waived.") (citing TEX. R. CIV. P. 90).

Additionally, the father did not object at trial to evidence of his earlier drug test results. Because he did not object to the trial court's consideration of evidence about events that occurred prior to the previous orders denying termination, he may not raise this challenge for the first time on appeal. *See* TEX. R. APP. P. 33.1; *In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005).

8

Finally, the cases on which the father relies are distinguishable. In *In re S.M.R.*, the Texas Supreme Court declined to supply omitted grounds in a parental-rights termination case based on the pleadings where the trial court had declined to find the ground as a basis for termination in the judgment. 434 S.W.3d at 581–82. Similarly, in *Vasquez*, we declined to uphold a trial court's parental-rights termination order on grounds different from those stated in the final order. 190 S.W.3d at 194. In contrast to these cases, here the trial court found in its termination orders that the circumstances of the parties had materially and substantially changed since its prior orders and that evidence relating to events occurring before the prior orders was admissible pursuant to section 161.004. Accordingly, we hold that the trial court properly considered evidence presented in earlier termination proceedings.

2. Endangerment

Under section 161.001, one of the predicate findings for a parental-rights termination is satisfied if the parent has "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(1)(E). To "endanger" a child means to expose to loss or injury or to jeopardize. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). Although endangerment means "more than a threat of metaphysical injury or the possible ill

9

effects of a less-than-ideal family environment, it is not necessary that the conduct be directed at the child or that the child actually suffers injury." *Id.* Courts may consider parental conduct that did not occur in the child's presence, including conduct before the child's birth. *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 617 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Drug abuse and its effect on the ability to parent can be part of an endangering course of conduct. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Illegal drug use creates the possibility that the parent will be impaired or imprisoned and thus incapable of parenting. *Walker*, 312 S.W.3d at 617. When a parent's imprisonment demonstrates a deliberate course of conduct, it too qualifies as endangering conduct. *Id.* (citing *Avery v. State*, 963 S.W.2d 550, 553 (Tex. App.—Houston [1st Dist.] 1997, no writ). Drug use and the imprisonments relating to it harm the physical and emotional well-being of a child. *Id.* (citing *In re S.D.*, 980 S.W.2d 758, 763 (Tex. App.—San Antonio 1998, pet. denied)). In addition, abusive and violent conduct by a parent in a family relationship may endanger a child's well-being. *Id.* (citing *In re B.R.*, 822 S.W.2d 103, 106 (Tex. App.—Tyler 1991, writ denied)).

The Department presented evidence of the father's criminal record both before and after the birth of his children. Although many of these convictions occurred before the birth of these children, several did not. Notably, in 2010, he

was convicted for an assault of a family member. As late as 2013, he was convicted of theft by check.

The father also tested positive for marijuana and cocaine multiple times from 2011 to 2014, during the period the children were in the Department's care. In January 2011 and January 2012, he tested positive for marijuana and cocaine. In November 2011, he tested positive for cocaine. In March 2012, he tested positive for cocaine and marijuana. During May and September 2012; March, August, and October 2013; and February 2014, he tested positive for cocaine.

The father observes that he merely exercised visitation during these periods of positive drug tests and criminal activity; he was not the custodial parent. Nevertheless, because they significantly harm the parenting relationship, criminal offenses and drug activity can constitute endangerment even if the criminal conduct transpires outside the child's presence. *See Boyd*, 727 S.W.2d at 533; *Walker*, 312 S.W.3d at 617; *J.O.A.*, 283 S.W.3d at 345. The trial court also heard evidence of the father's conviction for assault, which involved family violence, during his limited contact with his children before the Department's involvement. Evidence of the father's abuse of a family member permits an inference that the person will continue abusive behavior in the future. *See Walker*, 312 S.W.3d at 617. Based on the evidence adduced at the hearing, the trial court reasonably could have concluded that the father's continued pattern of drug use, even after the

Department's involvement, displayed a voluntary, deliberate, continued, and conscious course of endangering conduct, establishing materially changed circumstances from those present when it signed its initial 2012 orders. *See id.* Accordingly, we hold that the evidence is legally sufficient to support its finding of endangerment. *See J.F.C.*, 96 S.W.3d at 266; *Walker*, 312 S.W.3d at 617; *J.O.A.*, 283 S.W.3d at 345.

The father challenged the Department's evidence of his positive drug test results by cross-examination of the Department's expert witness. The witness agreed in general terms that errors can occur in drug testing. He also acknowledged that the testing samples are typically destroyed in 7 days. The father did not present evidence of any error relating to his specific drug test results. Viewing the evidence in a light favorable to the fact finder, we conclude that the contrary evidence at trial is not so overwhelming as to undermine the trial court's firm conviction that the father's conduct endangered the children. *See J.F.C.*, 96 S.W.3d at 266. Accordingly, we hold that the evidence is factually sufficient to support the trial court's finding. *See id.* Because the evidence supports the trial court's endangerment findings, we need not reach the father's arguments challenging the trial court's finding that he failed to comply with the court-ordered family services plan.

## Conclusion

We hold that the trial court did not err in considering evidence of events prior to the initial orders denying parental termination. We further hold that the evidence was legally and factually sufficient to support the father's parental-rights termination based on child endangerment. The trial court's finding that termination is in the children's best interests is unchallenged on appeal. Accordingly, we affirm the order of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Massengale.