

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00857-CV

**IN THE INTEREST OF B.V.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-PA-00239
Honorable Karen H. Pozza, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: July 17, 2019

AFFIRMED

William H. appeals the trial court's decree terminating his parental rights to B.V.  William contends the evidence is legally and factually insufficient to support the trial court's findings on the predicate statutory grounds for termination and asserts his trial counsel rendered ineffective assistance of counsel.  We affirm the trial court's decree.

### BACKGROUND

William was arrested on July 14, 2015 for possession with intent to distribute methamphetamines and was incarcerated when B.V. was born on January 5, 2016.  Prior to B.V.'s birth, B.V.'s mother, Amanda, contacted a private adoption agency, Adoption Angels, Inc., which subsequently filed a petition to terminate Amanda's and William's parental rights.  Amanda executed an irrevocable affidavit to relinquish her parental rights, and a bench trial was held on

October 27, 2016.  At the conclusion of the trial, the trial court terminated Amanda's and William's parental rights.  William appealed, and this court held the evidence was insufficient to support the trial court's findings on the predicate statutory grounds for termination.  *See In re Baby V.*, No. 04-16-00754-CV, 2017 WL 1161176, at *4 (Tex. App.—San Antonio Mar. 29, 2017, no pet.).  Accordingly, we reversed the portion of the trial court's order terminating William's parental rights and remanded the cause for further proceedings.  *See id*.

On remand, the trial court held another bench trial on October 29 and 30, 2018, and entered a decree terminating William's parental rights.  With regard to the predicate statutory grounds, the trial court found William had:

(1) Engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; and

(2) Knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date the petition was filed.

The trial court also found termination was in B.V.'s best interest.  William appeals.

### SUFFICIENCY OF THE EVIDENCE

In his second and third issues, William contends the evidence is legally and factually insufficient to support the trial court's findings on the predicate statutory grounds.  As previously noted, the trial court found two predicate statutory grounds to support the termination of William's parental rights.  Because we hold the evidence is legally and factually sufficient to support the trial court's order on the first ground, we do not address the second ground.  *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest.").

We evaluate the legal and factual sufficiency of the evidence to support the trial court's findings under the standards of review established by the Texas Supreme Court in *In re J.F.C.*, 96 S.W.3d 256, 266-67 (Tex. 2002). Under these standards, the trial court, as the factfinder, "is the sole arbiter of the witnesses' credibility and demeanor" and of the weight to be given the evidence. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009); *see also In re F.M.*, No. 04-16-00516-CV, 2017 WL 393610, at *4 (Tex. App.—San Antonio Jan. 30, 2017, no pet.) (mem. op.). In addition, a parent's past misconduct can be used to measure the parent's future conduct. *In re E.D.*, 419 S.W.3d 615, 620 (Tex. App.—San Antonio 2013, pet. denied).

Section 161.001(b)(1)(E) authorizes termination if the parent has engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(E). "'To endanger' means to expose a child to loss or injury or to jeopardize a child's emotional or physical health." *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 616 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The parent's conduct need not be directed at the child nor must the child actually suffer injury; rather, the specific danger to the child's physical or emotional well-being may be inferred from the parent's misconduct alone. *In re J.O.A.*, 283 S.W.3d at 345; *In re E.A.G.*, 373 S.W.3d 129, 142 (Tex. App.—San Antonio 2012, pet. denied); *Walker*, 312 S.W.3d at 616. A parent's criminal conduct may support termination under Section 161.001(b)(1)(E) because it exposes the child to the possibility that the parent may be imprisoned. *See Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533-34 (Tex. 1987) ("imprisonment is certainly a factor to be considered by the trial court on the issue of endangerment"); *In re A.L.*, No. 04-17-00620-CV, 2018 WL 987484, at *4 (Tex. App.—San Antonio Feb. 21, 2018, no pet.) (mem. op.) ("evidence of criminal conduct, convictions, and imprisonment may establish a course of conduct that endangers the child's well-being"). Similarly, a parent's illegal drug use may qualify as an

endangering course of conduct. *In re J.O.A.*, 283 S.W.3d at 345; *In re A.A.M.*, 464 S.W.3d 421, 426 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("Drug use and the imprisonments relating to it harm the physical and emotional well-being of a child.").

As previously noted, William has been incarcerated since before B.V.'s birth. When he was arrested for possession with intent to distribute methamphetamines on July 14, 2015, William had outstanding felony warrants for his arrest in three Texas counties and in Idaho. William pled guilty to the possession charge, and, on January 5, 2017, he was sentenced to seventy-five-months in a federal penitentiary. William further testified he was placed on five years' probation in Idaho in June of 2005 after pleading guilty to possession of methamphetamine and attempted forgery. William's probation was later revoked for numerous violations, including using methamphetamines, and he was sent to prison until 2012. After his release, William testified he moved to Texas. William admitted he was arrested on May 25, 2014, in Guadalupe County, Texas for possession of "pain pills," and on July 27, 2014, in Comal County, Texas for evading arrest. In 2015, William admitted he was "being paid to deliver meth from Austin to San Antonio."

Incarceration alone is insufficient to support a finding of endangerment under section 161.001(b)(1)(E); however, "[i]f the imprisonment of the parent displays a voluntary, deliberate and conscious course of conduct, it qualifies as conduct that endangers the child." *Walker*, 312 S.W.3d at 617; *see also In re A.A.M.*, 464 S.W.3d at 426 ("When a parent's imprisonment demonstrates a deliberate course of conduct, it too qualifies as endangering conduct."). Here, William's actions, before B.V.'s birth and during William's lifetime, show an overall course of conduct involving illegal drug use resulting in imprisonment. Therefore, based on William's testimony alone, the evidence is legally and factually sufficient to establish a firm conviction or belief that William engaged in conduct that endangered B.V.'s physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E). William's second and third issues are overruled.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first issue, William asserts his trial counsel rendered ineffective assistance of counsel. A few of our sister courts have refused to consider issues raising ineffective assistance of counsel in private termination suits because no statutory right to appointed counsel exists in such suits. *In re Z.Q.N.*, No. 14-17-00434-CV, 2019 WL 758377, at *11 (Tex. App.—Houston [14th Dist.] Feb. 21, 2019, no pet.); *In re J.C.*, 250 S.W.3d 486, 489 (Tex. App.—Fort Worth 2008, pet. denied). In this case, we need not resolve whether effective assistance of counsel is constitutionally required because William does not meet the *Strickland* test for ineffective assistance claims.

Following the standard set forth in *Strickland v. Washington*, to establish an ineffective assistance of counsel claim, William was required to prove, by a preponderance of the evidence, that: (1) "'counsel's performance was deficient;'" and (2) "'that the deficient performance prejudiced the defense.'" *In re M.S.*, 115 S.W.3d 534, 545 (Tex. 2003) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An appellate court affords "great deference to counsel's performance, indulging 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' including the possibility that counsel's actions are strategic." *Id*. (quoting *Strickland*, 466 U.S. at 689). Only when conduct is "'so outrageous that no competent attorney would have engaged in it'" will "the challenged conduct constitute ineffective assistance." *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Under *Strickland*'s second prong, an appellant must show there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id*. at 549–50. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

William first contends trial counsel was ineffective in failing to take steps regarding the absence of two "crucial" witnesses, including failing to file a motion for continuance, failing to

procure the testimony by teleconference, and failing to make an offer of proof regarding the testimony. The two witnesses were William's mother and a friend.

At trial, however, testimony established neither William's friend nor his mother ever took any steps in the almost three years prior to trial to financially or emotionally support B.V. In addition, neither contacted the adoption agency to request a home-study or to be considered as a potential placement. Because we have held the evidence is sufficient to support the termination of William's parental rights on the endangerment ground, the testimony of William's mother and his friend would only have related to whether termination of William's parental rights was in B.V.'s best interest. William does not challenge the sufficiency of the evidence to support the trial court's best interest finding in this appeal. Given the testimony in the record in support of the trial court's best interest finding and the testimony in the record regarding the failure of the two witnesses in question to take any action regarding B.V., even assuming trial counsel's performance was deficient based on his failure to procure the two witnesses' testimony, William has not shown there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.[1]

William also contends trial counsel was ineffective in failing to file a motion to withdraw and in failing to file post-trial motions or appellate documents. William contends trial counsel's failure to take these actions precluded him from obtaining a hearing to develop a record on his ineffective assistance of counsel claim. Because we have overruled William's ineffective assistance of counsel complaint for reasons other than an undeveloped record and because William is represented by counsel on appeal despite the absence of a motion to withdraw, William cannot

---

[1] The testimony at trial established B.V. was adopted by the family he was placed with at birth. That family previously adopted B.V.'s half-sibling, and B.V.'s adopted mother testified regarding his growth and stability.

show that there is reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

William's first issue is overruled.

## CONCLUSION

The trial court's decree is affirmed.

Sandee Bryan Marion, Chief Justice