**AFFIRMED and Opinion Filed May 5, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-00820-CR**
**No. 05-19-00830-CR**

**DAVID ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-23494-W, F16-234493-W**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Smith

A jury found appellant David Romero guilty of indecency with a child and sexual assault. The jury assessed punishment at five years' confinement for indecency with a child and ten years' confinement for sexual assault. The trial court sentenced appellant in accordance with the jury's verdicts and followed the jury's recommendation to suspend imposition of confinement in the sexual assault case and placed him on community supervision for ten years. In five issues, appellant challenges the sufficiency of the evidence to support his convictions, certain testimony of an expert witness, and inadmissible hearsay testimony. We affirm the trial court's judgments.

## Background

Appellant and Wife married at a young age and had five children together. Complainant was the oldest and had a close relationship with M.G., the second oldest daughter.

The daughters described appellant as an "angry, mean, violent man," especially when he drank. Despite appellant's violent behavior, he shared a close relationship with complainant. As complainant matured, things began to change. When she was fifteen or sixteen, appellant talked with her about sex and exposed her to pornography. Appellant said he wanted to prepare her for a relationship.

One evening when complainant was alone, appellant came up behind her and pressed himself against her back. She could feel his "hard" penis against her. When she tried to move, he moved with her. He stopped when her sisters arrived home. He apologized the next day and said he was drunk.

Appellant's physical interactions with complainant progressed. When she was eighteen, appellant began having nonconsensual sex with her. It occurred in the living room on the couch during the day and behind the couch at night after everyone went to bed. He eventually put a deadbolt on the bedroom so they could have sex without interruption. After she entered the bedroom, appellant refused to let her leave. The few times she tried, he hit or kicked her. Appellant continued having nonconsensual sex with complainant into her twenties.

A few years later, when complainant was about thirty years old, she noticed appellant began paying more attention to her youngest sister, who was fifteen (the same age appellant began touching complainant). Complainant then decided she needed to tell someone about her abuse because she wanted to protect her sister. Shortly thereafter, complainant confided in M.G., and M.G. encouraged complainant to go to the police. While at the station, officers took pictures of bruising on complainant's back from a couple days earlier when appellant hit her.

Complainant was thirty-four years old at the time of trial. Appellant and Wife challenged complainant's credibility by painting a picture of a daughter who made false accusations because she was upset about money issues and hoped to gain access to appellant's trust fund. The jury heard all the evidence and found appellant guilty of both indecency with a child and sexual assault. This appeal followed.

## Sufficiency of the Evidence

In his first issue, appellant argues the evidence is legally insufficient to support his convictions for indecency with a child and sexual assault because complainant and M.G. were not credible and "concocted this story about their father to get back at him" because he no longer supported them. The State responds the evidence is legally sufficient. We agree.

In a legal sufficiency review, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences therefrom, any rational factfinder could have found the

elements of the offense beyond a reasonable doubt. *Ramjattansingh v. State*, 548 S.W.3d 540, 546 (Tex. Crim. App. 2018); *Davis v. State*, 586 S.W.3d 586, 589 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd). We may not substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *Davis*, 586 S.W.3d at 589. We defer to the factfinder to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

The offense of indecency with a child required the State to prove that appellant, with the intent to arouse or gratify his sexual desire, caused complainant, a child younger than seventeen years old, to engage in sexual contact by causing complainant to contact appellant's genitals. *See* TEX. PENAL CODE ANN. § 21.11(a), (c). The offense of sexual assault, as alleged in the indictment, required the State to prove that appellant intentionally and knowingly caused the penetration of complainant's sexual organ without her consent. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A).

Appellant has not challenged the sufficiency of any particular element of either offense, but instead contends complainant and M.G. are not credible and the accusations are false. He focuses on some of the sisters' inconsistent details, complainant's known vivid imagination, and her one false accusation against another male when she was eleven. Appellant emphasizes that Wife believed in his innocence and testified complainant was a difficult child who caused problems.

Appellant is asking this Court to reweigh the credibility of witnesses. This we cannot do. *See Isassi*, 330 S.W.3d at 638. The jury heard the conflicting evidence and found in favor of the State.

The evidence, when viewed in the light most favorable to the verdict is legally sufficient to support the jury's verdict that appellant was guilty of indecency with a child when he pressed his penis, which complainant described as "something hard," against her buttocks. *See* TEX. PENAL CODE ANN. § 21.11(a), (c); *see, e.g.*, *Turner v. State*, 573 S.W.3d 455, 459 (Tex. App.—Amarillo 2019, no pet.) (uncorroborated testimony of child sexual abuse victim alone sufficient to support conviction for indecency with child). Likewise, complainant's testimony that appellant repeatedly forced her to have sex and was physically violent towards her is legally sufficient to support his conviction for sexual assault. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). We overrule appellant's first issue.

## Expert Testimony

Kristen Howell, CEO of Denton County's Children's Advocacy Center, testified for the State regarding the therapy services she provided to complainant. Appellant argues the trial court abused its discretion by allowing Howell to testify as an expert witness because she was not qualified under *Daubert*. The State responds appellant did not obtain a ruling on the complaint he now raises on appeal; therefore, he presents nothing for review. We agree.

To preserve a complaint for appellate review, a party must make an objection and receive a ruling on the objection. *See* TEX. R. APP. P. 33.1.

When Howell began testifying that complainant's symptoms related to post-traumatic stress disorder, appellant objected and took the witness on voir dire. Counsel questioned Howell about her educational background and expertise in diagnosing mental conditions. He then asked for a 702 hearing outside the presence of the jury, which the trial court granted.

During the 702 hearing, Howell testified about her work with complainant based on the psychological assessment she received about complainant's PTSD, not that she diagnosed complainant with PTSD. Appellant then made the following objection:

> Your Honor, I have no objection to her testifying in what she did as far as the treatment. I have an objection to her stating that there was a diagnosis made by someone else. That would be hearsay.

The trial court overruled the objection.

The trial court did not rule on appellant's objection to Howell's qualifications. Instead, the trial court ruled on his hearsay objection. Appellant has not challenged the hearsay ruling on appeal. Because appellant did not obtain a ruling on his objection to Howell's qualifications and the only issue he raises here does not comport with the objection the trial court ruled upon, he has preserved nothing for review. *See Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). We overrule appellant's second issue.

In his third and fourth issues, appellant argues the trial court abused its discretion by allowing Howell to testify regarding the mental processing of traumatic events and delayed outcries. First, we note that appellant "adopted by reference as if the argument and authorities are set out verbatim in Issue no. 2" to support his third and fourth issues. Appellant's second issue did not discuss delayed outcries or the mental processing of traumatic events. The remaining portion of his argument sets out the abuse of discretion standard of review and a generic recitation of rule 702. *See* TEX. R. EVID. 702. Without any further analysis or explanation, he "submits that it was an abuse of discretion to allow this witness to testify as an expert on these topics."

Appellant has failed to present his issues for review. Texas Rule of Appellate Procedure 38.1(i) requires a brief contain clear and concise arguments for the contentions made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). Here, appellant provided no substantive arguments to support his conclusions. A brief must comply with rule 38.1 or the issues are inadequately briefed and, therefore, waived. *Id.*; *see also McGee v. State*, 342 S.W.3d 245, 247 (Tex. App.—Amarillo 2011, pet. ref'd).

Even if appellant complied with rule 38.1(i), his third issue would still be overruled. Liberally construing appellant's third issue, he challenges Howell's qualifications to testify regarding delayed outcries. However, at trial he only objected to Howell's outcry testimony as irrelevant and not to her qualifications. As

such, his issue on appeal does not comport with his objection at trial and is not preserved for review. *See Thomas*, 505 S.W.3d at 924. We overrule appellant's third issue.

Likewise, the trial court did not abuse its discretion by allowing Howell to testify regarding the mental processing of traumatic events. *See Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002) (reviewing trial court's decision to exclude scientific expert testimony under abuse of discretion). Howell testified she has a bachelor's and master's degree in social work. She has worked in the discipline for twenty-three years. Although she is not a psychologist or psychiatrist, she has some training in both and is qualified to administer and interpret psychological tests. She has taken advantage of dozens of hours of highly specialized training in child abuse and domestic violence. She has testified as an expert on multiple occasions in Dallas County as well as other counties. After explaining her background, she briefly testified the brain is designed to remember bad things as a survival instinct so these memories can become "imprinted" and "really strong."

Admissibility of expert testimony depends on whether a proposed expert possesses "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand or to determine a fact in issue." TEX. R. EVID. 702. No rigid formula exists for determining whether a particular witness is qualified as an expert. *See Duran v. State*, 163 S.W.3d 253, 258 (Tex. App.—Fort Worth 2005, no pet.).

The trial court could have found Howell qualified to testify based on her degrees, decades of experience, and her training in psychology and psychiatry. *See, e.g.*, *Moreno v. State*, No. 04-18-00709-CR, 2020 WL 908024, at *6 (Tex. App.—San Antonio Feb. 26, 2020, Feb. 26, 2020, no pet.) (concluding no abuse of discretion allowing expert testimony based on advanced degree, supervisory position at children's advocacy center, and fourteen years' experience). The trial court's decision to admit her testimony was within the zone of reasonable disagreement and, therefore, not an abuse of discretion. We overrule appellant's fourth issue.

**Hearsay**

In his final issue, appellant argues the trial court abused its discretion by overruling his hearsay objection to Wife's testimony. The State responds her statement was not offered for the truth of the matter asserted and error, if any, was harmless because it was duplicative of other evidence.

Wife testified that appellant was innocent, and it was impossible he could have had sex with complainant for fifteen years without her knowledge. During cross-examination, the State asked, "Are you aware of the specifics of what [complainant] said happened to her?" She answered, "From what the police officers told us." When the State asked what officers told her, appellant objected to hearsay. The trial court conducted a brief, unrecorded bench conference and overruled the objection. The following exchange occurred:

Q: What did the officers tell you about the accusations that [complainant] made?

A: The officers told me that she had said that her father raped her.

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered for the truth of the matter asserted. TEX. R. EVID. 801(d). The State contends the statement is not hearsay because it was offered to establish the basis for Wife's earlier opinion that appellant was not guilty of the offense. Such reasoning, if approved, runs the risk of making any testimony the State later elicits admissible, even though the facts on which the subsequent statement is based are inadmissible, without recourse to the hearsay objection. *See, e.g.*, *May v. State*, 139 S.W.3d 93, 103 (Tex. App.—Texarkana 2004, pet. ref'd). This is not consistent with the rule. "Matter asserted" includes any matter explicitly asserted, and any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief as to the matter. TEX. R. EVID. 801(c). As such, Wife's statement regarding what officers told her was hearsay to which no exception applies under the facts of this case.

Although the trial court erred by overruling appellant's objection, the error was harmless. The improper admission of evidence is not reversible error if the same or similar evidence is admitted without objection at another point in the trial. *Leday v. State*, 983 S.W.2d 713, 717 (Tex. Crim. App. 1998); *Alizadeh v. State*, No. 01-07-00604-CR, 2009 WL 469558, at *5 (Tex. App.—Houston [1st Dist.] Feb. 26, 2009, pet. ref'd) (mem. op., not designated for publication). Here, the same or

–10–

similar testimony was admitted, without objection, through complainant describing the sexual acts appellant committed, M.G. testifying that she told officers appellant was having sex with complainant, and Detective Golladay testifying that complainant indicated the charged offenses had occurred.  We overrule appellant's fifth issue.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgments.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190820F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID ROMERO, Appellant

No. 05-19-00820-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F16-23494-W. Opinion delivered by Justice Smith. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 5, 2021



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

DAVID ROMERO, Appellant

No. 05-19-00830-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F16-23493-W. Opinion delivered by Justice Smith. Justices Molberg and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 5, 2021.