

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00204-CV

---

**IN THE INTEREST OF E.C. AND A.O., CHILDREN**

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 85,775-D, Honorable Pamela C. Sirmon, Presiding

---

March 4, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following several years of involvement with the children EC and AO, ages eight and seven, respectively, at the time of trial, the Texas Department of Family and Protective Services sought termination of the parents' rights to them. Ultimately, the trial court terminated the parent-child relationships between CC (mother) and EO (father) and their children EC and AO by order signed September 14, 2021. Only father appeals that judgment. On appeal, he challenges the sufficiency of the evidence supporting both the predicate grounds for termination and the trial court's finding that termination was in the children's best interest. We affirm.

***Background***

The Department's involvement with this family began in 2013 upon a report of domestic violence between the parents. AO tested positive for cocaine, according to father when the child was initially removed from the home. Following several years of involvement and various custodial and conservatorship arrangements, the trial court signed an order on March 20, 2019, wherein it named the Department permanent managing conservator of EC and AO. Parents retained rights as possessory conservators.

The conservatorship arrangement continued until August 5, 2020, when the Department, parents, and maternal grandparents reached a settlement agreement. Under it, the Department was to relinquish its conservatorship, agreed that the maternal grandparents would assume the role, and agreed the parents would remain possessory conservators with rights of visitation. Before the agreement was approved by the trial court, mother took, and the grandparents released to her, possession of the children. Thereafter, while the children where unsupervised near a park and busy street on September 1, 2020, AO was struck by a vehicle. That resulted in the child being airlifted to Lubbock for treatment of her serious injuries. The child survived.

The accident resulted in the Department petitioning for the termination of both mother's and father's parental rights. Around this same time and after becoming aware of the Department's intervention, mother both verbally threatened and ultimately assaulted Department personnel. Assault charges were brought against her, and she did not appear at the final hearing. Father appeared and presented evidence in opposition of the Department's efforts to terminate.

Evidence at trial revealed that father had been convicted and/or arrested several times.  The convictions included one for child endangerment (which occurred when he struck mother as she held a child), one for assaulting/strangling mother, and another for burglary of mother's abode.  During the latter, he again assaulted mother.  Though granted probation in each instance, each was revoked.  Once out of prison and while on parole, he was arrested for assaulting another woman.  Allegedly, the State opted not to pursue that charge.  Nevertheless, he absconded to Oklahoma to avoid arrest for violating his parole and remained there until trial.  At trial, he testified that he (1) had not seen either child for many months, (2) had a job, (3) had no definitive plan for how to care for the children were he returned to prison for violating his parole, (4) did not know that mother had taken the children from the grandparents' care, and (5) would not have approved mother doing so.  Ultimately, the trial court found (1) father's acts or omissions satisfied grounds for termination under subsections (E), (N), and (O) of § 161.001(b)(1) of the Family Code and (2) termination of father's rights was in the children's best interest.[1]

***Discussion***

As previously stated, father attacks the sufficiency of the evidence underlying both the findings of a statutory ground warranting termination and of termination being in the children's best interest.  The applicable standard of review is that described in *In re J.F.-G.*, 627 S.W.3d 304 (Tex. 2021).  We apply it here.  It requires us to assess whether the record contained sufficient evidence permitting the factfinder to form a firm conviction and

---

[1] Again, mother's rights were also terminated but she did not appeal.

belief of a predicate statutory ground for termination and that the child's best interest favored termination.

*Statutory Grounds*

The trial court found a myriad of predicate statutory grounds warranting termination. We need only decide if one has the requisite evidentiary support. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (stating that only one finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest).

The first we consider is § 161.00l(b)(1)(E) of the Family Code. It permits termination upon clear and convincing proof that a parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child. TEX. FAM. CODE ANN. § 161.001(b)(1)(E). The relevant inquiry is whether evidence exists illustrating that the endangerment of the child's physical or emotional well-being was the result of the parent's conduct, which conduct includes both acts and omissions. *In re A.L.G.*, No. 07-21-00020-CV, 2021 Tex. App. LEXIS 4871, at *18 (Tex. App.—Amarillo June 17, 2021, no pet.) (mem. op.).

Before turning to the evidentiary record, we address what appears to be a preliminary argument by father. He apparently suggests the evidence was insufficient because some of it concerned his criminal history and domestic violence predating an earlier order denying termination. The complaint about considering stale evidence was waived for several reasons. First, he lodged no objection at trial to that purported evidence or its consideration by the trial court. *See In re A.A.M.*, 464 S.W.3d 421, 425 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that "[b]ecause [father] did not

4

object to the trial court's consideration of evidence about events that occurred prior to the previous orders denying termination, he may not raise this challenge for the first time on appeal"); *W.C. v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00495-CV, 2013 Tex. App. LEXIS 299, at *22–23 (Tex. App.—Austin Jan. 8, 2013, no pet.) (mem. op.) (holding the same). Second, the argument lacked citation to the record, citation to pertinent legal authority, and substantive analysis. *See McGee v. State*, 342 S.W.3d 245, 247–48 (Tex. App.—Amarillo 2011, pet. ref'd) (stating that argument is waived when conclusory and unaccompanied by citation to legal authority).

Next, a parent's lack of contact with a child and his or her absence from the child's life endanger the child's emotional well-being. *In re M.D.M.*, 579 S.W.3d at 744, 765 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Likewise, inconsistent visitation with a child can emotionally endanger a child's well-being under subsection (E). *In re D.A.*, No. 02-15-00213-CV, 2015 Tex. App. LEXIS 12593, at *5 (Tex. App.—Fort Worth Dec. 10, 2015, no pet.) (mem. op.). So too may abusive and violent criminal conduct by a parent produce an environment that endangers the well-being of a child. *Jordan v. Dossey*, 325 S.W.3d 700, 724 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). And, as a sister court succinctly explained:

> "Conduct that subjects a child to life of uncertainty and instability endangers the child's physical and emotional well-being." *Jordan*, 325 S.W.3d at 723. A parent's missed visitations, violence, drug use, and failure to complete a court-ordered service plan may support an endangerment finding because such conduct subjects children to instability and uncertainty and therefore endangers them. *In re A.R.M.*, 593 S.W.3d 358, 371 (Tex. App.—Dallas 2018, pet. denied).

*D.L.G. v. Tex. Dep't of Family & Protective Servs.*, Nos. 03-20-00314-CV, 03-20-00315-CV, 2020 Tex. App. LEXIS 9120, at *15–17 (Tex. App.—Austin Nov. 19, 2020, no pet.)

(mem. op.) (considering father's "months-long failure to attend visitations . . . [and his] failure to adequately address his violence and anger issues," among other acts and omissions, and concluding that sufficient evidence supported the trial court's affirmative subsection (E) finding). Here, and as previously described, the record reveals father's extensive and consistent violent criminal history. Other evidence illustrated (1) his continuous failure to complete required services, (2) his long absences from and uninvolvement in his children's lives, (3) his risk of an imminent return to prison for violating parole, (4) an outstanding warrant for his arrest, and (5) drug use around the children. Comparing this evidence to the authority just mentioned, we hold that the trial court could have reasonably formed a firm belief or conviction that the elements of § 161.001(b)(1)(E) were met. And, our so holding relieves us from assessing the sufficiency of the evidence underlying the trial court's finding of other statutory grounds permitting termination. Father's issue regarding the sufficiency of evidence establishing a predicate statutory ground is overruled.

*Best Interest*

We turn now to father's third and final issue, that being whether sufficient evidence supports the finding that termination was in the children's best interest. Because it does, the issue is overruled.

In analyzing the issue, we apply the multiple, though non-exclusive, factors in *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). Their application to the evidence does not favor father's position. That evidence includes all we mentioned when considering the preceding issue. To it, we add evidence of father's (1) active attempt to avoid execution of an arrest warrant by remaining in Oklahoma and (2) admission that he could

6

have done more in terms of completing services needed to regain custody of his children. Moreover, the children are doing well residing in a foster home. They receive therapy and mental health services as needed. AO has recovered almost completely from being struck by a car and advised the Department that she likes being in the foster home because "she feels safe" and her foster parents "protect her." The caretakers also address behavioral issues as they arise, including the administration of psychotropics prescribed to AO. The intent is to have their caretakers adopt the children

On the other hand, father had only some general plans concerning the completion of services. And when asked about who would care for the children in the advent of an arrest, he responded, "That's a good question. I don't know." He also suggested that the Department should retain conservatorship of the children while he attempts to improve himself. How long that would take was not something he could quantify.

In light of the foregoing, we again conclude that the evidence permitted the trial court to form a firm conviction and belief that termination of father's parental relationship with EC and AO was in the children's best interest.

Having overruled father's issues on appeal, we affirm the trial court's judgment.

Per Curiam